# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4253

_____

| | | |
|---|---|---|
| Timothy G. McGurk; | * | |
| | * | |
| Appellant; | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Donald Stenberg, Attorney General | * | District of Nebraska. |
| for the State of Nebraska; Michael | * | |
| Thurber, Superintendent of the | * | |
| Lancaster County Jail; | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  October 21, 1998

Filed:  December 10, 1998

_____

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

HEANEY, Circuit Judge.

Timothy G. McGurk was charged with operating a motor vehicle while under the influence of alcohol (DWI) and was convicted upon a bench trial in the County Court of Lancaster County, Nebraska. Because this was McGurk's third such offense, the court sentenced him to three months imprisonment, a five-hundred dollar fine, and a fifteen-year suspension of driving privileges.  McGurk pursued direct and collateral

relief in the Nebraska courts and then instituted proceedings for federal habeas relief under 28 U.S.C. § 2554. The district court declined to follow the magistrate's recommendation that, as a result of trial counsel's failure to inform McGurk of his right to a trial by jury, the writ should issue. Because failure to inform a defendant charged with a serious crime of the right to trial by jury constitutes structural error and thus presumptively violates his Sixth and Fourteenth Amendment right to effective assistance of counsel, we reverse and remand with instructions to issue the writ of habeas corpus unless, within a reasonable time to be designated by the district court, the state affords McGurk a new trial.[1]

## I. Background

On May 23, 1990, a panel of this court held that a person charged under Nebraska law for third-offense DWI must be afforded the right to trial by jury. See Richter v. Fairbanks, 903 F.2d 1202, 1204-06 (8th Cir. 1990). Reasoning that maximum penalties of three to six months imprisonment and fifteen years revocation of a driver's license "manifested the kind of strong disapproval associated with a serious crime," we held Nebraska Revised Statute § 25-2705 (then Neb. Rev. Stat. § 24-536) unconstitutional insofar as it prohibited jury trials on the charge of DWI, third offense. Id. at 1205 (citing Blanton v. City of North Las Vegas, 489 U.S. 538 (1989)); see State v. Wiltshire, 491 N.W.2d 324, 327 (Neb. 1992) (explaining statutory scheme).

---

[1]Because petitioner's case was pending before the federal courts before April 24, 1996, the amendments to habeas corpus law contained in Title I of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 do not apply. See Lindh v. Murphy, --- U.S. ---, 117 S. Ct. 2059 (1997). As McGurk's appeal was lodged after that date, however, the provisions of the AEDPA pertaining to certificates of appealability do apply to this appeal. See Tiedman v. Benson, 122 F.3d 518, 521 (8th Cir. 1997).

McGurk was arrested for DWI in September 1990 and his case was tried on January 8, 1991. Neither McGurk's counsel nor the trial court informed him of his right to a jury trial, nor did McGurk waive that right. After his conviction and sentencing, McGurk filed direct appeals in the Nebraska courts. Two days after the Nebraska Supreme Court affirmed McGurk's conviction, that same court adopted the Eighth Circuit's position in Richter, ruling that the Sixth and Fourteenth Amendments require the opportunity for a jury trial on the charge of DWI, third offense. See Wiltshire, 491 N.W.2d at 327.

After prematurely seeking federal habeas relief under 28 U.S.C. § 2254, McGurk returned to the Nebraska courts and filed for post-conviction relief, claiming 1) his conviction was obtained in violation of his Sixth Amendment right to a trial by jury; and 2) his counsel was ineffective in not advising McGurk of his right to trial by jury and not preserving and assigning the error for subsequent review. The county court rejected both claims on the merits after a hearing and the district court affirmed without comment. The Nebraska Court of Appeals also affirmed, concluding that while petitioner's trial counsel did in fact perform deficiently, the claim did not establish Strickland prejudice. See State v. McGurk, 532 N.W.2d 354 (Neb. Ct. App. 1995). The appeals court did not address McGurk's jury-trial claim. McGurk sought discretionary review of the ineffective assistance portion of the appeals court's decision and the Nebraska Supreme Court denied the petition without comment.

On August 11, 1995, McGurk filed the present petition in federal district court. The Magistrate ruled that only McGurk's claim of ineffective assistance of counsel survived for review on the merits.[2] On the ineffective assistance claim, the magistrate

---

[2]Under Dolny v. Erickson, 32 F.3d 381, 384 (8th Cir. 1994), discretionary appeal to a state's highest court is not necessary to satisfy exhaustion requirements. The Magistrate nonetheless ruled that McGurk's failure to appeal both his first and second claim to the Nebraska Supreme Court resulted in a failure to exhaust his state court

3

determined that the Nebraska Court of Appeals erroneously subjected the ineffective assistance of counsel claim to harmless error analysis. The magistrate reasoned that no showing of prejudice is required where deficient performance results in the loss of the right to make an election of trial by jury.[3]

The district court disagreed, stating that under the facts of this case, prejudice should not be presumed and that McGurk failed to show actual prejudice. Recognizing the conflict between the district court and the magistrate, the district court granted a certificate of appealability on the issue of prejudice.

## II. Discussion

McGurk alleges that his trial counsel's failure to discover that a defendant charged with DWI, third offense, has a right to a trial by jury, and the resultant failure to inform McGurk of that right at the time of trial or to raise the issue on direct appeal, constituted ineffective performance. We agree.

---

remedies and thus a procedural default barring review on the merits. The Magistrate reasoned that although permissive appeal is not required under Dolny in order to achieve exhaustion, the better rule is that once a petitioner decides to appeal permissively, he must include all arguments in that appeal. Because we find petitioner's ineffective assistance claim dispositive, we have no occasion to decide whether a petitioner must, when appealing to a state's highest court, include all arguments--even those arguments not addressed by an intermediate court of appeals-- in order to avoid procedural default.

[3]The magistrate additionally concluded that even if harmless error was the correct standard, however, the state court of appeals nonetheless erred in finding the error harmless.

4

We review questions of ineffective assistance of counsel based on an undisputed factual record de novo.[4]  See Laws v. Armontrout, 863 F.2d 1377, 1381 (8th Cir. 1988), cert. denied, 490 U.S. 1040 (1989); see also Strickland v. Washington, 466 U.S. 668, 698 ("[I]n a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d).").  McGurk was entitled to effective assistance of counsel at his trial, see Strickland, 466 U.S. at 687-88, and at his appeal of right, see Evitts v. Lucey, 469 U.S. 387, 396 (1985).  The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland, 466 U.S. at 686.  To establish ineffective assistance of counsel, McGurk must show that counsel's performance was deficient and that such deficient performance prejudiced his defense.  See id. at 687-89; Schumacher v. Hopkins, 83 F.3d 1034, 1036 (8th Cir. 1996).  In making his showing of deficiency, petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  "Given the considerable discretion to be afforded counsel, a defendant is more likely to prevail on an ineffective assistance of counsel claim where the error he points to arises from counsel's lack of diligence rather than the exercise of judgment."  United States v. Loughery, 908 F.2d 1014, 1018 (D.C. Cir. 1990) (citing 2 W. LaFave & J. Israel, Criminal Procedure § 11.10(c), at 44 (Supp. 1990)).  Once deficient performance has been established, petitioner must demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."  Schumacher, 83 F.3d at 1037 (citing Lockhart v. Fretwell, 506 U.S. 364, 368-70 (1993)).

---

[4]Though the state takes exception to several minor aspects of petitioner's statement of the facts, we read both briefs to be in fundamental agreement on the factual background of the case.

In articulating the prejudice component of the <u>Strickland</u> analysis, the Supreme Court provided that in certain circumstances the requisite showing of prejudice may be presumed due to the nature of the deficient performance. <u>See</u> 466 U.S. at 692 ("In certain Sixth Amendment contexts, prejudice is presumed."); <u>United States v. Cronic</u>, 466 U.S. 648, 656-58 (1984) (elaborating, in companion case to <u>Strickland</u>, on the presumptive prejudice concept). Due to the fact that prejudice may be presumed "only when surrounding circumstances justify a presumption of ineffectiveness[,]" <u>Cronic</u>, 466 U.S. at 662, courts have been appropriately cautious in presuming prejudice. <u>See</u> <u>Scarpa v. Bubois</u>, 38 F.3d 1, 12 (1st Cir. 1994) (stating that "a showing of actual prejudice remain[s] a necessary element" in most cases). For the most part, courts have presumed prejudice only where the defendant establishes a constructive denial of counsel. <u>See</u> <u>Tucker v. Day</u>, 969 F.2d 155, 159 (5th Cir. 1992) (counsel remained silent through resentencing hearing); <u>United States v. Mateo</u>, 950 F.2d 44, 48-50 (1st Cir. 1991) (same throughout trial despite absence of waiver); <u>Harding v. Davis</u>, 878 F.2d 1341, 1345 (11th Cir. 1989) (failure to object to directed verdict by trial court); <u>Javor v. United States</u>, 724 F.2d 831, 833 (9th Cir. 1984) (attorney slept through substantial portion of trial). Courts have also identified, however, some types of trial errors that justify a finding of presumptive prejudice. <u>See</u> <u>U.S. v. Swanson</u>, 943 F.2d 1070, 1074 (9th Cir. 1991) (explicit concession of reasonable doubt in closing argument <u>per se</u> prejudicial); <u>Osborn v. Shillinger</u>, 861 F.2d 612, 628-29 (10th Cir. 1988) (counsel's closing at sentencing hearing undermined defendant's interests). Recognizing the extremely limited circumstances in which it is appropriate to presume prejudice, we conclude that the constitutional error in this case, namely counsel's failure to inform McGurk of his right to a jury trial, justifies a presumption of prejudice.

We find additional guidance in determining that a presumption of prejudice is appropriate from a line of Supreme Court decisions identifying some types of trial errors that are not amenable to harmless-error analysis, but instead constitute "structural defects in the constitution of the trial mechanism," which so "affect[] the framework within which the trial proceeds" that they require automatic reversal.

6

<u>Arizona v. Fulminante</u>, 499 U.S. 279, 310-11 (1991) (Rehnquist, C.J., for Court in part and dissenting in part); <u>see</u> <u>Starr v. Lockhart</u>, 23 F.3d 1280, 1291 (8th Cir. 1994) ("Certain structural errors, however, can never be harmless."); <u>see</u> <u>also</u> <u>Chapman v. California</u>, 386 U.S. 18, 23-24 (1967) (stating that certain errors undermined rights "so basic to a fair trial" that they can never be treated as harmless error). The Supreme Court has identified two types of constitutional errors that may occur during a trial. <u>See</u> <u>Fulminante</u>, 499 U.S. at 307-10. The first type, "trial errors," are amenable to harmless error analysis, "occur[] during the presentation of the case to the jury," and are susceptible of "quantitative[] assess[ment] in the context of other evidence presented in order to determine whether . . . [the error] was harmless beyond a reasonable doubt." <u>Fulminante</u>, 499 U.S. at 307. "Structural errors," on the other hand, call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal. <u>See id.</u> at 309-10; <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 629-30 (1993) (ruling that structural errors "require[] automatic reversal . . . because they infect the entire trial process").

Despite the "strong presumption that constitutional errors can be harmless," <u>U.S. v. Raether</u>, 82 F.3d 192, 194 (8th Cir. 1996), we conclude that the denial of a jury trial is a structural error subject to automatic reversal. Petitioner was denied the opportunity to be tried before a jury of his peers and counsel for petitioner failed to inform him that our court had held DWI, third offense, to constitute a "serious crime" under Nebraska law, thus entitling petitioner to the opportunity for trial by jury. <u>See</u> <u>Richter</u>, 903 F.2d at 1204; <u>see</u> <u>also</u> <u>Duncan v. Louisiana</u>, 391 U.S. 145, 149 (1968) (holding that trial by jury in serious criminal cases is "fundamental to the American scheme of justice" and thereby applicable in state proceedings).

In <u>Sullivan v. Louisiana</u>, Justice Scalia for a unanimous Court held that utilization of harmless error analysis in reviewing an invalid jury instruction on reasonable doubt violated the defendant's Sixth and Fourteenth Amendment right to trial by jury. <u>See</u> 508 U.S. 275, 279 (1993). The Court observed that the role of an

7

appellate judge employing harmless-error review is not to speculate as to what a hypothetical jury might have done, but rather to investigate "the basis on which 'the jury actually rested its verdict.'" Id. at 279 (quoting Yates v. Evatt, 500 U.S. 391, 404, 111 S. Ct. 1884, 1893, 114 L. Ed.2d 432 (1991)).  The Court stated:

> The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error. That must be so, because to hypothesize a guilty verdict that was never in fact rendered--no matter how inescapable the findings to support that verdict might be--would violate the jury-trial guarantee. . . .  There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the same verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless.  There is no object, so to speak, upon which harmless-error scrutiny can operate.

Id. at 280 (citations omitted).

We find the lesson of Sullivan equally persuasive in this case and agree with the magistrate that Sullivan dictates the conclusion that the Nebraska Court of Appeals erred in requiring a showing of actual prejudice.  While Sullivan concerned a defendant whose right to trial by jury was diminished due to a faulty jury instruction, McGurk's right to a trial by jury was denied entirely.  This deprivation is of a similar constitutional dimension to other "structural defects" held by the Court to warrant automatic reversal. See Fulminante, 499 U.S. at 309-10 (citing Vasquez v. Hillery, 474 U.S. 254, 264 (1986) (intentional race discrimination in selection of grand jury); Waller v. Georgia, 467 U.S. 39, 49 n.9 (1984) (right to a public trial); McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984) (right to self-representation at trial).  Accordingly, we hold that when counsel's deficient performance causes a structural error, we will presume

prejudice under Strickland.[5]  Therefore, we reverse and remand the case with instructions to issue the writ of habeas corpus unless, within a reasonable time to be designated by the district court, the state affords petitioner a new trial.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]As the foregoing discussion suggests, it will be a rare event when the failings of counsel rise to the level of structural error.  As a practical matter, it is difficult to imagine situations that would trigger structural error analysis beyond the failure on the part of counsel to inform a defendant of certain basic rights, such as the right to trial by jury, to self-representation, or to an appeal as a matter of right.  Thus, the narrow holding of this case is that failure on the part of counsel to ensure that mechanisms fundamental to our system of adversarial proceedings are in place cannot, under the reasoning of Sullivan, constitute harmless error.

9