**Elias Walter WANATEE, Petitioner,**

v.

**John AULT, Warden, Respondent.**

**No. C 97–4048–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

March 22, 1999.

F. Montgomery Brown, Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, Iowa, for plaintiff.

Sharon K. Hall, Assistant Iowa Attorney General, Des Moines, Iowa, for respondent.

## ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

BENNETT, District Judge.

## TABLE OF CONTENTS

I. *BACKGROUND* ........................................................1167
   A. *The Underlying Offense, Conviction, And Petition* ......................1167
   B. *The Report and Recommendation* ...................................1167
   C. *Wanatee's Objections* ...........................................1168

II. *LEGAL ANALYSIS* ....................................................1169
   A. *Standard Of Review* ...........................................1169
   B. *The Ineffective Assistance Claim* ................................1169
      1. *Characterization of the claim* ..............................1169
      2. *Elements of the claim* .....................................1170
      3. *Wanatee's proof* .........................................1171
         a. *"Deficient performance"* ...............................1171
         b. *"Prejudice"* .........................................1173

III. *CONCLUSION* .....................................................1176

Seeking relief from his conviction for first-degree murder pursuant to the "Great Writ" of *habeas corpus*,[1] petitioner

1. Chief Justice Marshall was the first to refer to the writ of *habeas corpus* as "the great writ" in *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 96, 2 L.Ed. 554 (1807). By the time Chief Justice Marshall so described it, the writ of *habeas corpus* had already enjoyed several centuries of recognition, dating back at least to the English common law of the thirteenth century. *See, e.g.,* Clarke D. Forsythe, *The Historical Origins Of Broad Federal Habeas Review Reconsidered,* 70 NOTRE DAME L.REV. 1079, 1080 (1995) ("Unfortunately, the writ's arcane Latin phraseology obscures its historic purpose. A writ of *habeas corpus* is a civil procedure, directed to a law enforcement authority to contest 'the legality of the detention of one in the custody of another.' The writ is deeply based in the English common law, dating back at least to the thirteenth century") (citations omitted); Emanuel Margolis, *Habeas Corpus: The No–Longer Great Writ,* 98 DICK.L.REV. 557, 563 (1994) ("The writ of *habeas corpus* is traceable to the common law, well before the founding of this nation."). Several types of *habeas corpus* writs had developed at least by the end of the reign of Edward I in 1307, but an early reference to such a writ can be traced back to Henry II's Assize of Clarendon in 1166, which " 'made great changes in the administration of the

criminal law' and, in part, ordered sheriffs to bring certain prisoners before the justices." *Id.* at 1090 (citing 1 SIR FREDERICK POLLOCK & FREDERICK MAITLAND, THE HISTORY OF ENGLISH LAW 137 (2d ed.1968)). Although the writ of *habeas corpus* has a long history in the common law, and, in this country, the common law has been used to determine its scope, it was not until 1867 that Congress extended federal *habeas* jurisdiction to state prisoners by statutory enactment. *Id.* at 1087–88; Margolis, *The No–Longer Great Writ,* 98 DICK L.REV. at 564.

Although the American history of the Great Writ has been rich, in this court's experience, the grant of a writ of *habeas corpus* to a state prisoner is extraordinarily rare, as perhaps it should be if our dual system of state and federal courts is to function with proper respect for state criminal adjudications. Nonetheless, part of the respect due our criminal justice system cannot help but be the result of the power of courts to continue constitutional review of criminal convictions, even after direct appeals have run their course. *See, e.g.,* 1 WILLIAM BLACKSTONE, COMMENTARIES 130–31 (1765) ("Of great importance to the public is the preservation of this personal liberty: for if once it were left in the power of any ... magistrate to imprison arbitrarily whomever

Elias Wanatee filed this action pursuant to 28 U.S.C. § 2254 on June 9, 1997. This matter is now before the court pursuant to the February 8, 1999, Report and Recommendation of a magistrate judge of this district in which the magistrate judge recommends that Wanatee's petition for *habeas corpus* relief be denied. Petitioner Elias Wanatee, through counsel, has filed objections to portions of the Report and Recommendation.

## I. BACKGROUND

### A. The Underlying Offense, Conviction, And Petition

Wanatee was convicted of first-degree murder for his involvement in the death of Kelton DeCora in 1990. Wanatee was one of a number of people assaulting DeCora at the time DeCora died. Wanatee was apprehended while beating DeCora with a tire iron, but DeCora died of a stab wound. Wanatee rejected an offer to plead guilty to second-degree murder that was open only for ten days, from the time of his arrest until the trial information against him was filed. Wanatee was subsequently convicted by a jury of first-degree murder, willful injury, and assault while participating in a felony. Two co-defendants tried at the same time were acquitted. Wanatee is now serving a life sentence on the murder conviction.

In his petition for *habeas corpus* relief, Wanatee asserts that the trial judge erred by admitting hearsay testimony at trial and by failing to instruct the jury that willful injury was a lesser-included offense to murder in the first degree. He also asserts ineffective assistance of counsel with regard to the plea offer available only for the brief period prior to the filing of the trial information against him.

### B. The Report and Recommendation

On October 10, 1997, the undersigned referred this matter to a magistrate judge of this district for the filing of a report and recommended disposition of the petition. In his Report and Recommendation, the magistrate judge concluded that Wanatee's petition was timely filed pursuant to provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), specifically 28 U.S.C. § 2244(d)(1) and (d)(2). He concluded, however, that two of Wanatee's claims—that the trial judge erred by admitting hearsay testimony at trial and by failing to instruct the jury that willful injury was a lesser-included offense to murder in the first degree—fell outside the scope of *habeas* review, because those claims did not involve assertions of errors that deprived Wanatee of a federal constitutional right. Even if these claims were reviewable, the magistrate judge concluded that they had been procedurally defaulted, because they had never been presented to the state court in terms of denial of a federal constitutional right. Wanatee has not objected to these conclusions.

On Wanatee's remaining claim, his assertion that he did not receive effective assistance of counsel during plea negotiations prior to the filing of a trial information, the magistrate judge also recommended denial of relief, this time on the merits. The magistrate judge characterized the essence of Wanatee's claim to be that his trial counsel "was ineffective because he did not talk [Wanatee] into accepting a plea agreement within the ten-day period during which it was available." Report and Recommendation of February 8, 1999, p. 13.

As to the first element of Wanatee's ineffective assistance claim, the magistrate judge concluded that Wanatee could not show "cause," because he could not show that his trial counsel's conduct fell outside the bounds of reasonable professional assistance, even though trial counsel himself described his handling of the plea offer as

---

he or his officers thought proper ... there would soon be an end of all other rights and immunities.").

"ineffective." The magistrate judge found that trial counsel had communicated the plea offer to his client and that he did not give incorrect advice about the desirability of the plea offer. The magistrate judge found that trial counsel had properly concluded that he did not have enough information at the time to recommend acceptance of the plea agreement, and thus the magistrate judge concluded that, under the circumstances, trial counsel was not required to recommend the plea agreement strongly.

The magistrate judge also concluded that Wanatee had failed to prove the second element of his ineffective assistance claim, because he could not show "prejudice" in the form of evidence that but for counsel's unprofessional errors, the results of the proceedings would have been different. Although the magistrate judge concluded that Wanatee could certainly show that he would have been better off if he had accepted the plea offer—because he would have pleaded guilty to second-degree murder, which carried a fifty-year sentence and a possibility of parole, instead of being convicted of first-degree murder, which carried a sentence of life imprisonment without parole—the magistrate judge nonetheless concluded that Wanatee could not show a reasonable probability that he would have accepted the plea agreement during the ten-day window the offer was available. The magistrate judge found no evidence other than Wanatee's self-serving statements that he would have agreed to the conditions of the plea agreement to support this element of his claim, and the magistrate judge found that such evidence was insufficient.

The magistrate judge therefore concluded that Wanatee's petition for *habeas corpus* relief should be denied. He recommended further that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) should be denied, because Wanatee had not made the necessary "substantial showing" of denial of a federal constitutional right.

## C. Wanatee's Objections

Wanatee has made several objections to the magistrate judge's findings and recommendations concerning his ineffective assistance claim. First, Wanatee objects to the magistrate judge's characterization of his claim as premised solely on the ground that trial counsel did not "talk him into" accepting a plea bargain within the ten-day period during which it was available. Instead, he contends that his claim is that he was denied effective assistance of counsel owing to errors and omissions during the pendency of a favorable plea bargain. More specifically, he contends that his claim is that trial counsel failed adequately to inform him regarding the law applicable to the case in light of the facts known at the time, including the felony-murder rule, and that counsel's failure to advise him of the applicable rules of law meant that his decision not to accept the plea offer was not adequately informed.

Wanatee also argues that, contrary to the magistrate judge's conclusions, trial counsel's advice concerning the plea agreement was both insufficient and incorrect, because Wanatee was not advised of the implications of the felony-murder rule, aiding and abetting liability, and liability for joint criminal conduct. He argues further that the magistrate judge ignored sufficient facts regarding the case that would have necessitated the advice or information he claims he did not get. Wanatee also makes extensive objections to the magistrate judge's unfavorable findings concerning his state of mind and ability to comply with a plea agreement.

Wanatee also objects to the magistrate judge's conclusion on a related procedural matter: He contests the magistrate judge's conclusion that the ten-day window was the period in which the trial information was required to be filed. He apparently contends that trial counsel could have extended the period the plea offer was available by waiving a preliminary hearing, a procedure that, according to the

Iowa Rules of Criminal Procedure, would have extended the period during which a trial information must be filed against an incarcerated person from ten days to forty-five.

Therefore, Wanatee makes the general objections that the magistrate judge improperly concluded that he did not receive ineffective assistance of counsel owing to errors or omissions committed during the pendency of a favorable plea bargain, and that the magistrate judge did not recommend the appropriate relief, which he asserts is reinstatement of the plea offer.

## II. LEGAL ANALYSIS

### A. Standard Of Review

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. See, e.g., Hosna v. Groose, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), cert. denied, 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir.1996) (citing Belk v. Purkett, 15 F.3d 803, 815 (8th Cir.1994)); Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995) (also citing Belk ). Because objections have been filed in this case, the court must conduct a de novo review.

However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, the court concludes that it must make a de novo review only of Wanatee's ineffective assistance claim, because it is only to the portion of the Report and Recommendation regarding this claim that Wanatee has made objections.

The court has made the necessary review by reviewing the transcript of the evidentiary hearing on the merits held before the magistrate judge on June 5, 1998, and all briefs and exhibits filed by the parties. The court concludes that Wanatee's objections must be sustained in part and overruled in part and that this matter must be remanded to the magistrate judge for further factfinding and consideration.

### B. The Ineffective Assistance Claim

### 1. Characterization of the claim

As to Wanatee's first objection, the court agrees that the magistrate judge did not properly characterize Wanatee's ineffective assistance claim. Wanatee's claim is not in essence that his trial counsel "was ineffective because he did not talk [Wanatee] into accepting a plea agreement within the ten-day period during which it was available," as the magistrate judge characterized it. Instead, it is a claim that Wanatee was not properly advised of the law applicable to the charge against him in the circumstances known to counsel during the ten-day period the plea offer was open, such that Wanatee could not and did not make an informed decision to reject the plea bargain to plead to second-degree murder and provide cooperation. The proper characterization of Wanatee's claim is apparent from his petition,[2] and his post-

2. "Ground one" for relief in Wanatee's petition for habeas corpus relief was that "Trial counsel provided ineffective assistance of counsel in failing to advise and properly counsel Petitioner to accept plea bargain offer." Petition, ¶ 12(A). The supporting facts were articulated as follows:

hearing brief, in which counsel repeatedly framed the issue to be whether trial counsel provided necessary information concerning, *inter alia*, the felony-murder rule, aiding and abetting, and joint criminal conduct, for Wanatee to make an informed choice about accepting or rejecting the plea agreement. Thus, Wanatee's first objection must be sustained.

### 2. Elements of the claim

Turning to the elements of Wanatee's ineffective assistance claim, as properly formulated, Wanatee must make a two-part showing: (1) that trial counsel's performance was deficient, that is, that counsel's performance " 'fell below an objective standard of reasonableness,' " *see United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir.1999) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); and (2) actual prejudice resulting from the deficient performance, that is, that there is " 'a reasonable probability that, but for counsel's errors,' the result would have been different." *See id.* (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052); *accord McGurk v. Stenberg*, 163 F.3d 470, 473 (8th Cir.1998) (same two-prong test); *Young v. Bowersox*, 161 F.3d 1159, 1160 (8th Cir.1998) (same two-prong test). Both the Supreme Court and the Eighth Circuit Court of Appeals have noted that " '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' " *Young*, 161 F.3d at 1160 (quoting *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052). This two-prong test applies to ineffective assistance claims arising out of representation during the plea process as well as to any other ineffective assistance claim.

Prosecutor offered plea bargain of Second Degree Murder prior to filing of Trial Information. Trial counsel failed to adequately counsel Petitioner to accept the plea bargain or the desirability of the plea bargain offer. *During the time period on [sic] which*

*See Engelen v. United States*, 68 F.3d 238, 241 (8th Cir.1995).

As to the first prong of Wanatee's ineffective assistance claim, deficient performance by counsel, there is a " 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *McGurk*, 163 F.3d at 473 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). Furthermore, strategic decisions made by counsel after a thorough investigation of law and facts are "virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Thus, " '[g]iven the considerable discretion to be afforded counsel, a defendant is more likely to prevail on an ineffective assistance of counsel claim where the error he points to arises from counsel's lack of diligence rather than the exercise of judgment.' " *McGurk*, 163 F.3d at 473 (quoting *United States v. Loughery*, 908 F.2d 1014, 1018 (D.C.Cir.1990)). Wanatee's ineffective assistance claim asserts such lack of diligence, to the extent that Wanatee asserts that counsel did not adequately advise him of the law applicable to the circumstances of his case as known to counsel at the time.

As to the second prong, the question is whether there is a " 'reasonable probability that, but for counsel's errors,' the result would have been different." *See Craycraft*, 167 F.3d at 454 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052); *McGurk*, 163 F.3d at 473; *Young*, 161 F.3d at 1160. In the case of an ineffective assistance claim based on rejection of a plea bargain, the Eighth Circuit Court of Appeals has recognized that "after rejecting the proposed plea bargain and receiving a fair trial, [the claimant] may still show prejudice if the plea bargain agreement would have resulted in a lesser sen-

*the plea offer was extended trial counsel failed to counsel Petitioner on the law of felony murder.* Trial counsel admits he was ineffective.
*Id.* (emphasis added).

tence." *Engelen*, 68 F.3d at 241 (citing cases so holding). However, the claimant must *also* show that "but for counsel's advice, he would have accepted the plea." *Id.* In order to command an evidentiary hearing—and thus this court concludes to establish the claim—"the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." *Id.*

### 3. *Wanatee's proof*

The court disagrees with, and therefore rejects, some of the magistrate judge's findings and conclusions concerning Wanatee's proof of the elements of his claim. *See* 28 U.S.C. § 636(b)(1) (the reviewing district judge may "accept, reject, or modify" some or all of the magistrate judge's findings and recommendations). The court believes that the disagreement stems in large part from what the court has concluded was the magistrate judge's mischaracterization of Wanatee's claim.

### a. *"Deficient performance"*

■ As to the "deficient performance" or "cause" element of Wanatee's claim, *see Craycraft*, 167 F.3d at 455, the court agrees with the magistrate judge's articulation of the legal standards for determining whether counsel performed adequately during plea negotiations and in providing advice about the advisability of taking a plea bargain. *See* Report and Recommendation, pp. 17–18. The court also agrees with the magistrate judge that Wanatee's trial counsel did not fail to provide full and accurate information concerning the terms of the plea offer itself. *See id.* at 17. Nor does the court disagree with any of the magistrate judge's other findings concerning the adequacy of trial counsel's performance, except in one important respect: The court finds that the magistrate judge never properly confronted the question of whether trial counsel was ineffective for providing inadequate advice about the law applicable to Wanatee's circumstances.

The magistrate judge recognized that Wanatee asserted that "the known facts and Iowa law put him at substantial risk of being convicted of Murder in the First Degree," and that Wanatee asserted that he had not been given information about the felony-murder rule, aiding and abetting, and joint criminal conduct at the time the plea offer was presented. Report and Recommendation at 18–19 (quoting Petitioner's Brief, pp. 13–14). The magistrate judge nonetheless concluded that Wanatee could not claim he was not informed or was misinformed about the plea offer. The magistrate judge reached the conclusion that the first element of Wanatee's ineffective assistance claim had not been proved, because the magistrate judge found that trial counsel informed Wanatee of the proffered plea agreement and accurately conveyed its terms, and that counsel was justified in not recommending the plea agreement owing to trial counsel's limited information about the crime and Wanatee's involvement in it. However, the magistrate judge again characterized Wanatee's argument to be that "his attorney was ineffective because he did not act fast enough and forcefully enough to persuade Wanatee to accept the plea offer." *See id.* at 19. The magistrate judge rejected what he perceived to be Wanatee's argument that trial counsel should have recognized that defending the case was hopeless, or that his client could not perform the agreement. *See id.*

Upon *de novo* review, the court reaches a different conclusion. The court finds that Wanatee's trial counsel did not, during the ten days the plea offer was open, inform Wanatee about the applicability of the felony-murder rule, aiding and abetting liability, or joint conduct liability; indeed, trial counsel specifically testified that he had not done so. *See* Transcript of Evidentiary Hearing on the Merits, p. 13. The court finds that trial counsel omitted doing so, even though the court also finds that applicability of these rules of law was readily apparent from the circumstances known to counsel while the plea offer was

available, and trial counsel did not dispute that point.[3]

The undersigned concludes that failure to advise a criminal defendant of the relevant law is "deficient performance" sufficient to satisfy the first prong of the "ineffective assistance" analysis. *See Hill v. Lockhart,* 474 U.S. 52, 62, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (White, J., concurring) ("The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis . . . as such an omission cannot be said to fall within 'the wide range of professionally competent assistance' demanded by the Sixth Amendment," quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052); *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) ("A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice,'" quoting *McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)); *Finch v. Vaughn,* 67 F.3d 909, 916 (11th Cir.1995) ("For a guilty plea to 'represent an informed choice' so that it is constitutionally 'knowing and voluntary,' the '[c]ounsel must be familiar with the facts and the law in order to advise the defendant of the options available,'" quoting *Scott v. Wainwright,* 698 F.2d 427, 429 (11th Cir.1983)); *United States v. George,* 869 F.2d 333, 336 (7th Cir.1989) (holding that the duty owed by counsel to a defendant who chooses to plead guilty is "arguably lesser," but includes "appris[ing] [the defendant] of an understanding of the law in relation to the facts of the case so that he may make an informed choice between accepting the prosecutor's offer and pleading guilty or

going to trial"). *See also Hawkman v. Parratt,* 661 F.2d 1161, 1170 (8th Cir.1981) ("a plea cannot be a conscious, informed choice if the accused relies upon counsel who performs ineffectively in advising him regarding the consequences of entering a guilty plea and of the feasible option"). Such a deficiency occurred in this case.

The magistrate judge concluded that the first problem Wanatee had to confront, in light of what the magistrate judge perceived to be Wanatee's contention that his trial counsel should have talked him into taking the plea offer, was that Wanatee did not *want* to plead guilty. However, the undersigned concludes that fact is irrelevant to whether counsel was ineffective for failing to inform Wanatee of the facts and law applicable to his case in order to allow him to make an informed choice about accepting or rejecting the plea agreement. What a criminal defendant wants or does not want is not relevant to counsel's duty to inform the defendant of the law applicable to the defendant's case, so that the defendant can evaluate a plea offer. *See Hill,* 474 U.S. at 62, 106 S.Ct. 366 (White, J., concurring) (recognizing counsel's duty to inform a criminal defendant of relevant law). Nor are there any " 'distorting effects of hindsight,'" *see* Report and Recommendation at p. 20 (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052), in the evaluation of trial counsel's performance resulting from the outcome of Wanatee's prosecution that apply to the deficiency Wanatee has actually alleged, because the duty to provide advice concerning applicable law is independent of any outcome.[4]

3. In both the *habeas corpus* proceedings and the state-court post-conviction relief proceedings that preceded them, trial counsel stated that he did not believe his representation of Wanatee had been effective in this respect. The court admires trial counsel's honesty and conscientiousness in making such a self-evaluation. The court hastens to add that the record reveals that in all other respects, trial counsel clearly worked zealously to obtain a renewal of a plea offer for Wanatee after the

trial information was filed and otherwise represented him more than adequately in a very difficult case.

4. At least there are no such "distorting effects of hindsight" on the *first* prong of Wanatee's ineffective assistance claim, although the court readily acknowledges that there may well be such effects on the "prejudice" prong, when a plea for second-degree murder is compared with the actual outcome of a first-

Thus, the undersigned specifically parts company with the magistrate judge by concluding that, in the circumstances of this case, trial counsel was ineffective in failing to advise Wanatee of the applicability of legal principles relevant to his case. As a consequence of this court's conclusions on *de novo* review, Wanatee's "Objection No. 3" [5] and "Objection No. 4" [6] are sustained to the extent that the court holds that trial counsel's performance was constitutionally deficient, in the circumstances known to him while the plea offer was available, in failing to advise Wanatee about the implications of the felony-murder rule, aiding and abetting liability, and liability for joint criminal conduct.

### b. "Prejudice"

■ However, in order for Wanatee to prevail, he must also establish the second prong of his claim that trial counsel was ineffective in the way alleged, and that prong requires him to show that there is a " 'reasonable probability that, but for counsel's errors,' the result would have been different." *See Craycraft,* 167 F.3d at 455 (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052). Again, when the claim of ineffective assistance involves rejection of a plea bargain, "after rejecting the proposed plea bargain and receiving a fair trial, [the claimant] may still show prejudice if the plea bargain agreement would have resulted in a lesser sentence," *and* the claimant shows that "but for counsel's advice, he would have accepted the plea." *Engelen,* 68 F.3d at 241. The claimant must make the latter showing with something more than "non-conclusory evidence" that he would have agreed to the plea bargain "if properly advised." *Id.*

The magistrate judge's findings and conclusions on this prong once again skirt the real issue. The magistrate judge recognized that Wanatee had asserted that, had he known about the felony-murder rule, he would have accepted the plea offer prior to the filing of the trial information, and that he would have testified pursuant to the plea agreement that three other named persons were present while he was assaulting DeCora, but that he didn't know who stabbed DeCora. The magistrate judge rejected these assertions as not particularly probative of what Wanatee would have done, on the ground that the statements were merely conclusory and self-serving, and were not supported by the record. Rather, the magistrate judge concluded that the record evidence showed Wanatee could not or would not name other persons involved and would not agree to a plea bargain that required him to cooperate by providing information about others. The magistrate judge also concluded that he should honor the presumption of the correctness of the state court judge's findings in Wanatee's post-conviction relief proceedings that Wanatee was not prejudiced by his representation during plea negotiations.

■ Taking the last point first, however, this court concludes that the state court's conclusions that Wanatee was not prejudiced are not entitled to a presumption of correctness, because "ineffective assistance," and more specifically, "prejudice" arising from deficient performance of counsel, are mixed questions of law and fact. *See McCauley–Bey v. Delo,* 97 F.3d 1104, 1105 (8th Cir.1996) ("The claim of ineffective assistance of counsel is a mixed question of law and fact," citing *Laws v. Armontrout,* 863 F.2d 1377, 1381 (8th Cir.

degree murder conviction carrying a life sentence without parole.

**5.** "Objection No. 3" challenges the magistrate judge's conclusion that trial counsel's advice concerning the plea agreement was neither insufficient nor incorrect, because Wanatee was not advised of the implications of the felony-murder rule, aiding and abetting liability, and liability for joint criminal conduct.

**6.** "Objection No. 4" asserts that the magistrate judge ignored sufficient facts that would have necessitated the advice or information Wanatee claims he did not get.

1988) (*en banc*), *cert. denied,* 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989)); *Carter v. Hopkins,* 92 F.3d 666, 669 (8th Cir.1996) ("The district court's determination on an ineffective assistance of counsel claim, "both as to the deficient performance and prejudice components", is a mixed question of law and fact," citing *Sherron v. Norris,* 69 F.3d 285, 290 (8th Cir.1995)). Thus, while state court findings of fact are entitled to a presumption of correctness, *see* 28 U.S.C. § 2254(e), the legal conclusions flowing from those conclusions are not. Instead, the legal determination, in light of the facts, of the effectiveness or ineffectiveness of counsel by the state court can be overcome if it "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). While this target is admittedly high, it is not so insurmountable as the magistrate judge's application of a presumption of correctness suggests.

The magistrate judge is certainly correct that Wanatee can satisfy the first requirement of this prong of the analysis, because he can show that "after rejecting the proposed plea bargain and receiving a fair trial, . . . the plea bargain agreement would have resulted in a lesser sentence." *Engelen,* 68 F.3d at 241. A sentence of fifty years for second-degree murder, with a possibility of parole, pursuant to the proffered plea agreement, is a "lesser sentence" than a sentence of life without parole for a conviction of first-degree murder. The magistrate judge is also correct that the record shows that Wanatee was unwilling to cooperate with the prosecution by identifying other participants in the assault on DeCora and that he claimed to have been intoxicated at the time of the assault and to have little memory of who was involved or what had happened. However, this portion of the record is not

very probative of the question that properly obtains on this second prong of the ineffective assistance claim Wanatee actually makes: The proper question is what Wanatee would have done "*had he been properly advised*" about matters such as the felony-murder rule, aiding and abetting liability, and liability for joint criminal conduct, *Engelen,* 68 F.3d at 241 (the question is whether the petitioner would have agreed to the plea bargain "if properly advised"), because the record shows only Wanatee's conduct *in the absence of the proper advice.*

■ The record here includes Wanatee's direct, unequivocal assertions that he would indeed have pleaded guilty to second-degree murder, and would indeed have provided testimony identifying others involved in the crime—although he maintains he would not have been able to testify as to who actually stabbed DeCora—had he known the relevant law. *Compare Engelen,* 68 F.3d at 241 (finding insufficient evidence of "prejudice," in part because "Engelen made no direct assertion that he would have pled guilty if his counsel had provided him with additional information concerning the risks of trial"). The court recognizes, however, that these assertions alone are not enough. *See id.* ("To command an evidentiary hearing, the movant must present some credible, nonconclusory evidence that he would have pled guilty had he been properly advised.").

■ Yet, the circumstances are distinguishable from those found insufficient to establish a question on prejudice in *Engelen,* because the record here is not "completely barren of any evidence that [Wanatee] would have acknowledged his guilt prior to trial." *Id.* Wanatee mounted an essentially "legal" defense to first-degree murder—intoxication—attempting to negate an element of the crime, as opposed to an assertion of innocence. *Compare id.* The circumstances are also distinguishable from those found insufficient by other cir-

cuit courts of appeals, because there is no suggestion that Wanatee lied to avoid liability, *compare Jones v. United States,* 161 F.3d 397, 401 (6th Cir.1998); nor has Wanatee made the implausible assertion that he would simply have "cut his losses" upon proper legal advice, even though the state's case was weak, *compare Jones v. Wood,* 114 F.3d 1002, 1012 (9th Cir.1997), because the state's case here was remarkably strong.

In *Paters v. United States,* 159 F.3d 1043 (7th Cir.1998), the Seventh Circuit Court of Appeals found that the petitioner's assertion that, "[u]nder more befitting legal guidance, I am certain that I would have been amenable to conditions of the plea agreement," was sufficient to warrant a hearing on whether there was a reasonable probability that, but for counsel's inadequate performance, the petitioner would have accepted a plea offer, *if* that assertion was supported by other objective evidence. *Paters,* 159 F.3d at 1047. The objective evidence found sufficient to warrant a hearing was testimony by the petitioner's parents that they were present when counsel misinformed the petitioner that his sentence could not exceed five years, when the petitioner was ultimately sentenced to ten years. *Id.* at 1047–48. Here, there is uncontroverted evidence from trial counsel himself that he did not inform Wanatee about the felony-murder rule. Similarly, the Second Circuit Court of Appeals held that there was sufficient objective evidence that the petitioner would have accepted the plea, based on "a great disparity between the actual maximum sentence exposure under the Sentencing Guidelines and the sentence exposure represented by defendant's attorney," to grant *habeas* relief. *United States v. Gordon,* 156 F.3d 376, 381 (2d Cir.1998). Here, the disparity between the sentence available under the proffered plea agreement and the sentence exposure if Wanatee went to trial on a first-degree murder charge is equally glaring. Thus, a hearing on the prejudice prong of Wanatee's claim appears to be warranted.

The court is mindful that a determination of "reasonable probability" that the petitioner would have accepted the plea requires consideration of "the totality of the evidence." *McCauley–Bey,* 97 F.3d at 1105. Furthermore, a "reasonable probability" is "one sufficient to undermine confidence in the outcome." *Id.* In this case, there is still more objective evidence from the circumstances to "undermine the confidence in the outcome," and thus to warrant a further hearing (at a minimum) on whether Wanatee was prejudiced by counsel's failure to advise him on the applicability of the felony-murder rule and rules concerning criminal liability for aiding and abetting and joint criminal conduct. First, once the proffer of the chance to plead to second-degree murder was foreclosed, Wanatee mounted a defense—intoxication—that would at best have garnered him a conviction for second-degree murder. This suggests that, but for the lack of proper advice prior to the filing of the trial information, Wanatee would have accepted a plea to second-degree murder as a "best case" scenario. Second, the applicability of the felony-murder rule in the circumstances known to trial counsel while the offer was open was so apparent as to make an offer of the chance to plead to second-degree murder seem to a person properly advised on the law to be an absolute gift. Indeed, trial counsel's testimony reflects that trial counsel's subsequent efforts to reopen the plea offer were rebuffed, because the prosecution was convinced not only that it did not need Wanatee's assistance to convict others of the crime, but that Wanatee himself would be convicted of the crime charged making a plea offer inappropriate.

Although the court has specifically found, contrary to the magistrate judge's view, that Wanatee established the first prong of his ineffective assistance claim, deficient performance by trial counsel, the court will stop short of rejecting the magistrate judge's conclusion on the second

prong of Wanatee's ineffective assistance claim. Instead, the court deems it prudent to remand this matter to the magistrate judge for reconsideration and/or rehearing of evidence concerning the prejudice prong of Wanatee's ineffective assistance claim, as that claim is now properly formulated.[7]

## III. CONCLUSION

The court **accepts** the magistrate judge's recommendation that two of Wanatee's claims—that the trial judge erred by admitting hearsay testimony at trial and by failing to instruct the jury that willful injury was a lesser-included offense to murder in the first degree—fall outside the scope of *habeas* review, or that if they are otherwise reviewable, they have been procedurally defaulted. Therefore, these claims are **denied.** The court also **accepts** the magistrate judge's recommendation that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) should be denied as to these two claims. Consequently, such certification is hereby **denied.**

Turning to Wanatee's remaining claim of ineffective assistance of counsel, although the court accepts many of the magistrate judge's findings, it **rejects** his conclusion that Wanatee did not establish the first prong of this claim, as that claim is properly formulated. Instead, upon *de novo* review, the court **holds** that trial counsel's performance was constitutionally deficient, in the circumstances known to him while the plea offer was available, in failing to advise Wanatee about the implications of the felony-murder rule, aiding and abetting liability, and liability for joint criminal conduct. However, the court concludes that this matter should be remanded to the magistrate judge for reconsideration and/or rehearing of evidence concerning the prejudice prong of Wanatee's ineffective assistance claim, as that claim is now properly formulated.

Wanatee's Objections Nos. 1, 3, and 4 are **sustained.** His Objection No. 2 is **denied** on the grounds explained herein. As to Wanatee's remaining objections, the court concludes that any review is **mooted** by remand of this case to the magistrate judge. Similarly, because the court is remanding the matter to the magistrate judge, any consideration of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to Wanatee's ineffective assistance claim would be premature.

Therefore, this matter is **REMANDED** to the magistrate judge for reconsideration and/or rehearing of evidence and issuance of a supplemental report and recommendation concerning the prejudice prong of Wanatee's ineffective assistance claim, as that claim is now properly formulated.

**IT IS SO ORDERED.**

---

7. As a matter of completeness, the court agrees with Wanatee's "Objection No. 2" that the period in which the trial information was required to be filed was not necessarily ten days, which would have extended to forty-five days the time within which the trial information had to be filed, but the court does not read the magistrate judge to find differently. Rather, the magistrate judge found that there was only a ten-day window during which the plea offer was available. The record shows that trial counsel understood the county attorney to say the plea offer in question was only open for ten days, until the trial information was filed. Trial counsel testified that, even if Wanatee had waived his preliminary hearing, "[trial counsel] c[ould]n't say that would have given us more time," although trial counsel admits he did not ask the prosecutor directly if waiving the preliminary hearing would give them more time to bargain. Transcript of Evidentiary Hearing, p. 19. Nothing in the record suggests that Wanatee ever actually had or could have gotten more than ten days to consider the plea offer.