# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1918
_____

| | | |
|---|---|---|
| James Miller, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Dave Dormire, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 10, 2002

Filed: November 12, 2002
_____

Before WOLLMAN, HEANEY and BYE, Circuit Judges.
_____

HEANEY, Circuit Judge.

James Miller was charged in Missouri state court with trafficking six grams or more of a cocaine base substance in violation of Mo. Rev. Stat. §195.223.3(2) (1994). He was convicted after a bench trial and sentenced as a persistent offender to twenty years imprisonment without the possibility of parole. After exhausting state court remedies, Miller sought federal habeas relief under 28 U.S.C. § 2254, alleging that trial counsel's waiver of his right to a jury trial was made without his consent or

understanding. The district court[1] granted a writ of habeas corpus, and the government appeals. We affirm.

I.    Background

At trial, the state court judge addressed Miller's trial counsel, Bob Tyler, as follows:

| The Court: | Okay. Do I understand that this is to be tried to the Court without a jury? |
|---|---|
| Mr. Tyler: | That is correct, Your Honor. |
| The Court: | Okay. And your client wants to affirmatively waive his rights to a jury trial; is that accurate? |
| Mr. Tyler: | That's correct. |

(Tr. at 2). Miller was present and silent during this exchange. The trial judge did not address him directly. Following sentencing and judgment, Miller sought state post-conviction relief for ineffective assistance of counsel because his attorney waived his right to a jury trial. Without holding an evidentiary hearing on the issue, the court rejected his claim, and decided that Miller had affirmatively waived his right to a jury because he was present when his attorney waived that right. Having exhausted his state remedies, Miller sought habeas relief.

The district court appointed counsel and granted an evidentiary hearing on Miller's claim. Miller testified that his trial attorney never explained his right to a jury trial to him, and advised him to waive a jury trial because it "would be better for

---

[1]The Honorable Catherine D. Perry, United States District Court Judge for the Eastern District of Missouri.

him." Miller claims he did not realize that he could object to his attorney's stated course of action. He testified that he would have insisted upon a jury trial had he known he had the right to make such a decision.

The government presented Miller's trial counsel's affidavit at the hearing, in which he stated that it was his normal practice to explain his clients' Sixth Amendment jury trial rights to them. In the end, the court granted habeas relief because there was no direct evidence to contradict Miller's testimony that his attorney failed to explain his Sixth Amendment right to trial by jury. The court also concluded that because Miller believed that his attorney had the right to waive a jury trial, his silence could not reasonably have been presumed to have been an affirmative waiver. The government appeals, asserting that under Strickland v. Washington, 466 U.S. 668 (1984), Miller failed to show that, but for the breach of duty, the outcome of the trial would have been different.

II. Discussion

We review questions of ineffective assistance of counsel based on an undisputed factual record *de novo*. Strickland v. Washington, 466 U.S. 668, 698 (1984); McGurk v. Stenberg, 163 F.3d 470, 473 (8th Cir. 1998). The Sixth Amendment guarantees the criminal defendant the right to effective assistance of counsel. Strickland, 466 U.S. at 686. To state a claim for ineffective assistance of counsel, a habeas petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "the deficient performance prejudiced the defense." Id. at 687-88. "To satisfy the second part of the Strickland test, the petitioner must prove that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Garrett v. Dormire, 237 F.3d 946, 950 (8th Cir. 2001) (quoting Strickland, 466 U.S. at 694).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the scope of judicial review in a habeas proceeding.  Habeas relief cannot be granted on any claim that was "adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court decision is "contrary to" clearly established federal law if it either "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court arrives at a result opposite to one reached by the Supreme Court on "materially indistinguishable" facts.  Bell v. Cone, 122 S.Ct. 1843, 1850 (2002); Hall v. Luebbers, 296 F.3d 685, 692 (8th Cir. 2002) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000) (O'Connor, J., concurring)).  A state court's findings of fact are entitled to a presumption of correctness.  § 2254(e)(1).

"In certain Sixth Amendment contexts, prejudice is presumed." Strickland, 466 U.S. at 692.  The Supreme Court has explained that a jury trial is "fundamental to the American scheme of justice," Duncan v. Louisiana, 391 U.S. 145, 149 (1968), and that the defendant has the ultimate authority to make fundamental decisions regarding his case, such as whether to waive a jury, Jones v. Barnes, 463 U.S. 745, 751 (1983) (citing Wainwright v. Sykes, 433 U.S. 72, 93 n.1 (1977) (Burger, J., concurring)). "The right includes . . . as its most important element, the right to have the jury, rather than the judge, reach the requisite finding of 'guilty.'" Sullivan v. Louisiana, 508 U.S. 275, 277 (1993).

When a defendant's right to a jury trial is denied as a result of his attorney's deficient performance, this circuit has determined that on the basis of Supreme Court precedent, Strickland prejudice is presumed because such misconduct is tantamount to a structural error.  McGurk v. Stenberg, 163 F.3d 470, 475 (8th Cir. 1998).

"'Structural errors' . . . call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal." McGurk, 163 F.3d at 474 (citing Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991); Brecht v. Abrahamson, 507 U.S. 619, 629-30 (1993)).

The government argues that the state court's judgment was reasonable and entitled to deference under § 2254(d). It asks that we limit our analysis to the Strickland test, which, it alleges, requires us to conclude that Miller failed to demonstrate a reasonable probability that but for his attorney's breach of duty, the outcome of the trial would have been different. The government criticizes the district court's determination that prejudice in this matter must be presumed under McGurk. It asserts that the threshold question before us is whether it was *reasonable* for the state court to rely upon Strickland v. Washington in deciding an ineffective assistance of counsel claim, and asserts that it was. The government also argues that there is no Supreme Court precedent that dictates the rule in McGurk; rather, the McGurk decision requires "the application of several Supreme Court decisions to reach the outcome." The government asks us to disregard the McGurk holding and to solely rely upon the Strickland standard because AEDPA mandates that the federal court rely on U.S. Supreme Court precedent, not circuit court precedent, to support its reversal of a state court decision.

The government's argument is unpersuasive. The state court found that Miller had affirmatively waived his right to a jury trial. This is an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2), and an unreasonable determination of the federal law as interpreted by the United States Supreme Court, 28 U.S.C. § 2254(d)(1). The record is devoid of any direct testimony from Miller regarding his consent to waive trial by jury. It appears that Miller's counsel failed to advise him of a fundamental right given to criminal defendants, one fully supported and protected by Supreme Court precedent. Miller was therefore denied effective assistance of counsel. The prejudice component of Strickland must be presumed from

-5-

this error. Although most federal constitutional errors are amenable to harmless-error analysis, some errors will always invalidate the conviction. <u>Sullivan v. Louisiana</u>, 508 U.S. at 279. The Supreme Court has delineated an approach for determining whether a federal constitutional error, in this case a Sixth Amendment violation, requires reversal. <u>Id.</u> The reviewing court should consider:

> not what effect the constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand. Harmless error review looks . . . to the basis on which "the jury actually rested its verdict." The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error. . . . [T]o hypothesize a guilty verdict that was never in fact rendered – no matter how inescapable the findings to support that verdict might be – would violate the jury-trial guarantee.

<u>Id.</u> at 279-80. (Citations omitted). "The Sixth Amendment requires more than appellate speculation about a hypothetical jury's action . . . it requires an actual finding of guilty." <u>Id.</u> at 280. There is no jury verdict to assess under harmless error analysis in this case because Miller's right to a trial by jury was denied entirely. "This deprivation is of a similar constitutional dimension to other 'structural defects' held by the Court to warrant automatic reversal." <u>McGurk</u>, 163 F.3d at 475 (citing <u>Arizona v. Fulminante</u>, 499 U.S. 279, 309-10 (1986) (other citations omitted). The state court's determination that Miller's attorney's waiver of a jury trial constituted harmless error is unreasonable and contrary to clearly established federal law. When a defendant is deprived of his right to trial by jury, the error is structural and requires automatic reversal of the defendant's conviction.

For the reasons cited above, we affirm the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.