[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10334
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01488-LSC-PWG


DENNIS GUYTON,

                                                              Petitioner-Appellant,

                           versus

FREDDIE BUTLER,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

                                                              Respondents-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 25, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Dennis Guyton, an Alabama state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition. The district court granted a certificate of appealability on the following two issues:

> (1) Whether the Alabama court's decision that Guyton's right to a public trial under the Sixth and Fourteenth Amendments was not violated because he "agreed that the courtroom be closed" was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (2) Whether the Alabama courts' decision that Guyton's counsel did not render ineffective assistance in violation of the Sixth and Fourteenth Amendments by expressly agreeing to the full closure of the courtroom for all testimony was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

After careful review, we affirm.

We review the district court's grant or denial of a habeas corpus petition *de novo*. *Guzman v. Sec'y, Dept. of Corrections*, 663 F.3d 1336, 1345 (11th Cir. 2011). Federal petitions filed by state prisoners after April 24, 1996, are governed by 28 U.S.C. § 2254. *Guzman*, 663 F.3d at 1345. A state court's factual

2

conclusions are presumed to be correct, and may only be corrected on a showing of clear and convincing evidence. *Id*. at 1346; 28 U.S.C. § 2254(e)(1). The district court's factual findings are reviewed for clear error, and mixed questions of law and fact are reviewed *de novo*. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir.), *cert. denied*, 131 S.Ct. 647 (2010).

In order to grant a habeas petition, we must conclude that the petitioner's constitutional claims are meritorious, and that the state court's resolution of those claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Guzman*, 663 F.3d at 1345-46.

A state court's decision is contrary to clearly established federal law if the state court (1) applies a legal rule contradictory to Supreme Court precedent or, (2) confronted with materially indistinguishable facts from the Supreme Court, arrives at a different result. *Guzman*, 663 F.3d at 1346. A state court's decision is a reasonable application of clearly established law where, at a minimum,

3

"fairminded jurists could disagree" on the correctness of the decision. *Id*.

## I.

The Sixth Amendment guarantees criminal defendants the right to a public trial. U.S. Const. amend. VI. That right is extended to defendants in state prosecutions through the Fourteenth Amendment. *See Waller v. Georgia*, 467 U.S. 39, 40-41, 104 S.Ct. 2210, 2212 (1984). The Supreme Court has recognized that a contempt defendant waives his due process right to a public trial where he does not object to a closed courtroom. *Levine v. United States*, 362 U.S. 610, 618-19, 80 S.Ct. 1038, 1043-44 (1960).

The state court found that Guyton, through his counsel, affirmatively consented to the courtroom's closure. The record does not contradict that finding, and we presume it to be correct. *See* 28 U.S.C. § 2254(e)(1). No clearly established Supreme Court precedent holds that a defendant cannot waive the right to a public trial, nor that the court must balance the interests of closure absent an objection. Accordingly, it was not contrary to, or an unreasonable application of, clearly established federal law for the state court to conclude that it had not violated Guyton's Sixth Amendment rights.

## II.

An ineffective assistance of counsel claim in a habeas petition is a mixed

4

question of law and fact subject to *de novo* review.  *Ward*, 592 F.3d at 1155.

In order to make out an ineffective assistance claim, the court must conclude if the alleged conduct was "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066 (1984).  Counsel is strongly presumed to have given adequate assistance.  *Id*. at 689, 104 S.Ct. at 2065.  Further, the reasonableness of a counsel's actions may be determined based on the defendant's statements or actions. *Id*. at 691, 104 S.Ct. at 2066.

Once a defendant consents, at the outset of a criminal proceeding, to be represented by counsel, the counsel has the power to make binding strategic decisions in many areas.  *Faretta v. California*, 422 U.S. 806, 820-21, 95 S.Ct. 2525, 2533-34 (1975).  Certain fundamental rights, however, cannot be waived by counsel without the express, knowing and voluntary consent of the defendant.  *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983) (identifying the fundamental rights that could not be waived by counsel as "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal . . . .").  The Supreme Court has not held that counsel cannot waive his client's right to a public trial.

Structural defects, such as the closing of a trial to the public, are presumed

to be prejudicial when raised on direct appeal. *See Arizona v. Fulminante*, 499 U.S. 279, 309-11, 111 S.Ct. 1246, 1264-65 (1991). However, the Supreme Court has identified only three scenarios in which ineffective assistance of counsel is presumed to be prejudicial on collateral review: (1) an actual or constructive denial of counsel altogether; (2) state interference with counsel's assistance; and (3) where counsel has an actual conflict of interest. *Strickland*, 466 U.S. at 691-92, 104 S.Ct. at 2066-67. Absent those circumstances, a habeas petitioner must demonstrate that the ineffective assistance had an effect on the judgment. *Id*. at 691-93, 104 S.Ct. at 2066-67. Applying *Strickland*, we have held that, even when dealing with structural error, a habeas petitioner must show actual prejudice when advancing an ineffective assistance claim. *Purvis v. Crosby*, 451 F.3d 734, 743 (11th Cir. 2006).

The state court found that Guyton's counsel consented to closure in Guyton's presence, and that Guyton acquiesced. Even though Guyton has denied giving his approval, the record does not refute the state court finding. With that factual finding, it was not ineffective assistance for Guyton's counsel to consent to the closure. Further, there is no clearly established federal law stating that counsel cannot waive the right to a public trial as a strategy decision without his client's consent.

Even if he met the first part of the ineffective assistance inquiry under *Strickland*, Guyton has failed to demonstrate any resulting actual prejudice. *See Purvis*, 451 F.3d at 743. As a result, it was not contrary to, nor an unreasonable application of, federal law, or the facts, for the state court to conclude that Guyton failed to establish ineffective assistance of counsel. Accordingly, the district court did not err in denying Guyton's habeas petition, and we affirm.

**AFFIRMED.**[1]

---

[1] Guyton's motion for appointment of counsel is DENIED.