[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12694
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-14415-DLG


MARTINO RAMOS,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 14, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Martino Ramos, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Ramos alleged that his trial counsel was ineffective for failing to request that the trial court hold a hearing and articulate its reasons for partially closing the courtroom. Because it was not an unreasonable application of clearly established federal law for the Florida courts to conclude that Ramos failed to establish that he was prejudiced by his counsel's allegedly deficient conduct, we affirm.

Ramos was charged in a Florida court for 13 counts of sexual battery while in a position of familial authority over one victim and in a position of custodial authority over a second victim. Before the victims took the stand to testify, the trial court inquired if they wanted to have the courtroom partially closed during their testimony. *See* Fla. Stat. § 918.16(a). Ramos's counsel objected to the partial closure on two grounds: the victims exceeded the age in section 918.16(a) and the statute was unconstitutional. The district court overruled Ramos's objection on the grounds that he failed to provide any authority to support his arguments; no constitutional violation would occur because a member of the media would be allowed to remain in the courtroom; and the partial closure was mandated by statute. A jury convicted Ramos of all 13 offenses.

Ramos appealed and argued, in relevant part, that the trial court violated his right to a public trial under the Sixth Amendment by failing to "hold a hearing and

articulate specific findings" to justify the partial closure of the courtroom. The state responded that Ramos failed to preserve his argument for appellate review and, alternatively, that Ramos's argument lacked merit because the statute mandated closure when requested by a victim. The Fourth District Court of Appeal affirmed summarily.

Undeterred, Ramos filed a motion for postconviction relief and attacked the partial closure of the courtroom under the guise of ineffective assistance of counsel. *See* Fla. R. Crim. P. 3.850. The Florida court denied Ramos's motion because he "failed to allege any facts to demonstrate prejudice to the outcome of the trial." The Fourth District Court of Appeal affirmed without opinion.

Ramos filed a federal petition for a writ of habeas corpus and repeated his claim of ineffective assistance of counsel, *see* 28 U.S.C. § 2254, but the district court denied the writ. The district court ruled that Ramos was required to prove that he was prejudiced by his counsel's alleged deficient conduct, *see Purvis v. Crosby*, 451 F.3d 734 (11th Cir. 2006), which he failed to do. The district court found that the evidence established that the victims' testimony was reliable.

The district court correctly denied Ramos's petition. The Florida court reasonably determined that Ramos failed to establish that he was prejudiced by his counsel's allegedly deficient conduct. Ramos failed to establish that "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984).  Ramos argues that he was prejudiced because he would have received relief on appeal, but the applicable standard focuses on the outcome at trial, not on appeal.  Ramos bore the burden of proving that, had the courtroom been open to the public, the jury "would have had a reasonable doubt respecting [his] guilt."  *Id.* at 695, 104 S. Ct. at 2068–69; *see Purvis*, 451 F.3d at 738–39.  Ramos never alleged that his victims' testimonies would have differed had the courtroom been open to the public.

Ramos argues that the failure of counsel to object to the partial closure of the courtroom constituted a structural error for which the courts had to presume prejudice, but we rejected that argument in *Purvis*.  The Supreme Court instructed in *Strickland* that prejudice must be proved for all claims of ineffective assistance except those situations involving the actual or constructive denial of counsel, government interference with counsel's assistance, or a conflict of interest.  *Purvis*, 451 F.3d at 740–43.  We are bound by our decision in *Purvis* unless it is overruled by the Supreme Court or this Court sitting en banc.  *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

We **AFFIRM** the denial of Ramos's petition for a writ of habeas corpus.