# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3665

_____

Elijah Addai

*Petitioner - Appellant*

v.

Robyn Schmalenberger, Warden, North Dakota State Penitentiary

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 9, 2014
Filed: January 9, 2015

_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Elijah Addai appeals the district court's[1] order denying his 28 U.S.C. § 2254 habeas petition. In his petition, and on appeal, Addai asserts that a brief, consensual

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota, adopting the report and recommendations of the Honorable Charles S. Miller, Jr., United States Magistrate Judge for the District of North Dakota.

courtroom closure during his state court trial violated his Sixth Amendment right to a public trial and that he received ineffective assistance of counsel when his trial counsel consented to the closure. We find the district court properly denied Addai's petition and affirm.

I

On August 19, 2007, Addai and a friend gathered with several other people at an apartment in Fargo, North Dakota. David Delonais and his cousin were also present. Arguments erupted and tensions rose leading to a fight between Delonais, Delonais's cousin, Addai, and Addai's friend. During the fight, Delonais stabbed Addai's friend in the head and ran away. Addai followed, caught, and stabbed Delonais. Delonais died at the hospital as a result of his injuries. On August 20, 2007, Addai was charged with one count of class AA felony murder, in violation of North Dakota Century Code section 12.1-16-01(1)(a) for the murder of Delonais. Addai was tried in the District Court for Cass County, North Dakota, and on December 11, 2008, a jury found him guilty. The trial court sentenced him to life imprisonment with the possibility of parole.

During the trial, Addai's attorney called as a witness J. Lange, the attorney of another individual who had been involved in the investigation of the stabbing, to testify regarding the alleged tampering with evidence and obstruction of the Delonais murder investigation. Prior to testifying, Lange explained that he was uncomfortable testifying because there may be topics which are protected by attorney-client privilege or are not public knowledge. When Lange was asked to testify about a portion of his client's criminal file, he objected and advised the trial court that the file was restricted or sealed. To allow the testimony regarding the restricted file, the trial court closed the courtroom. Addai's trial counsel stated he did not "have a problem with this" and the trial court then allowed Addai's attorney to question the witness further regarding the restricted information.

Addai's conviction and sentence were affirmed by the North Dakota Supreme Court on February 17, 2010. See State v. Addai, 778 N.W.2d 555 (N.D. 2010). The Court also rejected Addai's argument that the brief courtroom closure violated his Sixth Amendment right to a public trial, finding the trial court did not commit plain error in closing the courtroom. Addai then filed a petition for post-conviction relief, arguing he received ineffective assistance of counsel when his trial counsel consented to the closure. The state district court denied the petition on September 20, 2011, and in a summary opinion, the North Dakota Supreme Court affirmed on March 15, 2012. See Addai v. State, 809 N.W.2d 833 (N.D. 2012) (table).

Addai then filed the present 28 U.S.C. § 2254 habeas petition in the United States District Court for the District of North Dakota. The district court found the state court's decision regarding Addai's Sixth Amendment argument was not contrary to or an unreasonable application of clearly established federal law because there was no plain error and Addai waived the argument by agreeing to the courtroom closure. The court also held Addai's trial counsel's performance was not deficient, and even if it was, it caused no prejudice to Addai. Addai argues the district court erred with regard to both claims.

II

"In determining whether to grant habeas relief, we review the district court's conclusions of law *de novo* . . . ." Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998); see also Middleton v. Roper, 455 F.3d 838, 845 (8th Cir. 2006). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court's review in a habeas proceeding is limited:

> If the issues raised in the petition were adjudicated on the merits in the state court proceeding, the petition must be denied, unless the state court disposition "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Ward v. Norris, 577 F.3d 925, 936 (8th Cir. 2009) (quoting 28 U.S.C. § 2254(d)). A "decision is contrary to clearly established federal law if it either arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court arrives at a result opposite to one reached by the Supreme Court on materially indistinguishable facts." Miller v. Dormire, 310 F.3d 600, 603 (8th Cir. 2002) (internal quotation marks omitted). "A decision is 'an unreasonable application' of federal law 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Middleton, 455 F.3d at 845 (alteration in original) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Our habeas review is not constrained to the explicit reasoning in the opinion and we "must determine what arguments or theories supported or . . . could have supported, the state court's decision." Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786 (2011); Williams v. Roper, 695 F.3d 825, 834-37 (8th Cir. 2012). Here, there is no dispute that Addai's claims were adjudicated on the merits in state court, and therefore, AEDPA's limited review applies.

After careful review of the record, we find the state court's determinations that the brief, consensual courtroom closure did not violate Addai's Sixth Amendment right and that Addai's attorney's consent to the closure was not ineffective assistance of counsel were not contrary to or an unreasonable application of clearly established federal law.

A

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The right to a public trial is the right of the accused. Presley v. Georgia, 558

-4-

U.S. 209, 212 (2010). We have previously explained the numerous important considerations supporting open criminal trials. See, e.g., United States v. Thunder, 438 F.3d 866, 867 (8th Cir. 2006) ("An open trial assures that the proceedings are conducted fairly and discourages perjury, misconduct, and decisions based on partiality or bias."). When a party objects to closing the courtroom, a trial court should apply the following standard before excluding the public from any portion of a criminal trial:

> [T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

Waller v. Georgia, 467 U.S. 39, 48 (1984); see also Thunder, 438 F.3d at 867-68. However, "the right of access to a criminal trial is 'not absolute.'" Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606 (1982). A defendant may certainly consent to the closure of the courtroom if he believes it to be in his favor, and if he chooses to do so, he can hardly claim on appeal that the closure violated his Sixth Amendment right. See Peretz v. United States, 501 U.S. 923, 936 (1991) ("[F]ailure to object to closing of courtroom is waiver of right to public trial."). Yet, this is precisely what Addai attempts to do in this case. He now argues his own trial strategy violated his Sixth Amendment right to a public trial.

Addai's trial counsel created the need for closing the courtroom and then consented to the closure. As part of his case-in-chief, Addai sought to call Lange as a witness. The State objected to calling Lange as a witness, and there were extensive arguments regarding the relevance of any testimony he could offer as well as the limits of his testimony based on attorney-client privilege concerns. The trial court overruled the State's objection and allowed Lange to testify. Before testifying, Lange himself objected to the unusual situation of being called as a witness and vigorously

argued that his testimony would be privileged or minimally relevant and that other witnesses could be called to testify regarding the desired subject matter. The trial court again overruled the objection but expressly limited the opportunity to force Lange to testify: "I am going to very much restrict what either [the prosecution or defense] could ask and so I'm going to allow you to raise any objection to a particular question from the stand." After several questions, Lange objected to a document he was asked about because the document was not in the public record. Since the only objection was based on the restricted nature of the document, the trial court closed the courtroom.[2] Addai's trial counsel expressly stated he did not "have a problem with this." The trial court then explained to the jury the reason for closing the courtroom, the State noted it was not "entirely comfortable" with the closure, and Addai indicated no concern or objection. Then, Addai's trial counsel continued to elicit testimony from Lange regarding the document. At the conclusion of Lange's brief testimony, the trial court re-opened the courtroom to the public.

In summary, Addai's trial counsel forcefully created the need for closing the courtroom by calling an attorney as a witness to whom the trial court granted authority to object from the stand and by asking questions of the witness regarding material not in the public record. Addai then fully acquiesced to the closure, undoubtedly to facilitate the admission of the sought-after testimony. Objecting to the courtroom closure may very well have jeopardized the opportunity for Lange to testify regarding the restricted matters. Under these circumstances, it is entirely reasonable to believe consent was given to allow the witness to testify such that Addai waived his Sixth Amendment right to a public trial for that brief period of time.

---

[2]Addai highlights the document was mistakenly marked as restricted and was eventually changed by the Clerk of Court to be public. However, there is no dispute the document was marked as restricted at the time of the closure. Thus, the subsequent change does not undermine the trial court's concern or Lange's reasonable objection to it, and the change has no bearing on the question of whether Addai consented to and waived the closure of the courtroom.

Under federal law, plain error review involves four steps:

First, there must be an error or defect–some sort of deviation from a legal rule–that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived by appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error–discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

Puckett v. United States, 556 U.S. 129, 135 (2009) (internal citations and quotation marks omitted).

Addai does not address the district court's holding that he waived this claim. Rather, he continues to argue that the trial court committed plain error by failing to balance the interests described in Waller. However, this is not a case in which a party objected to the closure, which would require the procedure in Waller, or even a case in which the attorney failed to object. Rather, this is a case in which the party claiming error consented to the closure. When a party agrees to the closure of the courtroom, he waives any such right, and cannot complain on appeal that the alleged error he helped cause requires reversal, or in this case, habeas relief. See, e.g., United States v. Christi, 682 F.3d 138, 142-43 (1st Cir. 2012) (Souter, J., sitting by designation) (explaining that failure to object would be reviewed for plain error but agreement to closure waives a public trial claim); Johnson v. Sherry, 586 F.3d 439, 444-45 (6th Cir. 2009); Guyton v. Butler, 490 F. App'x 331, 332 (11th Cir. 2012); see also Crawford v. Minnesota, 498 F.3d 851, 856 (8th Cir. 2007) (denying habeas relief because under Minnesota law similar claim was waived and procedurally defaulted). A criminal defendant may waive his right to a public trial, and, in this instance, Addai did so for what appears to be sound trial strategy. He may argue that his attorney was

ineffective in agreeing to the closure but he cannot now argue his agreement violated his Sixth Amendment right. We find the state court did not reach a result that was contrary to or based on an unreasonable application of federal law because Addai cannot show he satisfies the first element required to demonstrate plain error under Supreme Court precedent.[3]

B

Addai also argues his trial counsel provided ineffective assistance of counsel by consenting to the courtroom closure and the state court's decision denying his claim is contrary to or an unreasonable application of federal law. We disagree.

Under the familiar standard of Strickland v. Washington, 466 U.S. 668, 687 (1984), a defendant claiming ineffective assistance of counsel must show counsel's performance was deficient and the deficiency prejudiced the defendant. When the question of deficiency is unnecessary to the resolution of the claim, the court may simply consider whether prejudice exists. See, e.g., Roper, 695 F.3d at 830; James v. Iowa, 100 F.3d 586, 589 (8th Cir. 1996). The North Dakota Supreme Court denied the claim on the merits, so we again review the decision under the AEDPA deferential standard described above.

Addai does not argue the consent to the closure actually caused him any prejudice. Instead, he argues the closure amounted to "structural error," based on which this court should presume prejudice. Generally, under this court's precedent, "when counsel's deficient performance causes a structural error, we will presume

---

[3]We also do not believe Addai could satisfy the fourth element, had he not consented to the closure and waived the issue. See United States v. Gomez, 705 F.3d 68, 76 (2d Cir. 2013) ("To the contrary, the fairness and public reputation of the proceeding would be called into serious question if a defendant were allowed to gain a new trial on the basis of the very [closure] he had invited.").

prejudice under Strickland." McGurk v. Stenberg, 163 F.3d 470, 475 (8th Cir. 1998). However, McGurk involved the right to a jury trial–not the temporary closure of the courtroom–and we expressly noted "the extremely limited circumstances in which it is appropriate to presume prejudice." McGurk, 163 F.3d at 474. Our opinions in Miller v. Dormire, 310 F.3d 600 (8th Cir. 2002) and Charboneau v. United States, 702 F.3d 1132 (8th Cir. 2013) suggest petitioner may be reading McGurk too broadly. We have previously denied habeas relief under § 2254 on an ineffective assistance of counsel claim for lack of prejudice under similar circumstances, which neither party here discusses. See Girtman v. Lockhart, 942 F.2d 468, 471 (8th Cir. 1991). In Girtman, the petitioner alleged his trial counsel was ineffective and failed to protect his right to a public trial by agreeing to conduct *voir dire* in closed proceedings. Id. We "fail[ed] to see how Girtman's defense was impaired by the closed *voir dire*" and found "that the defense attorney's closure of *voir dire* was not prejudicial to Girtman's defense." Id. Our sister courts have taken somewhat varying approaches on the issue. Compare Ramos v. Dep't of Corr., 575 F. App'x 845 (11th Cir. 2014); Purvis v. Crosby, 451 F.3d 734, 743 (11th Cir. 2006); United States v. Gomez, 705 F.3d 68, 80 (2d Cir. 2013); Johnson v. Sherry, 586 F.3d 439, 444-45 (6th Cir. 2009); Virgil v. Dretke, 446 F.3d 598, 607 (5th Cir. 2006), with Owens v. United States, 483 F.3d 48, 66 (1st Cir. 2007); United States v. Withers, 638 F.3d 1055, 1067-68 (9th Cir. 2011). Because the issue is before us in the context of a habeas petition, and Addai has failed to demonstrate clearly established federal law, we need not more fully address it. See Wright v. Van Patten, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [Addai's] favor, it cannot be said that the state court unreasonably applied clearly established Federal law." (internal quotation marks omitted)); see also Evenstad v. Carlson, 470 F.3d 777, 783 (8th Cir. 2006) ("When the federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1)."). It is enough to say that requiring Addai to demonstrate prejudice would not have been contrary to or an unreasonable application of clearly established federal law.

Addai's trial counsel's strategic decision to agree to a brief closure of the courtroom in no way caused Addai prejudice. As the district court explained in the denial of the petition:

> The total number of pages of trial transcript consumed for the closed courtroom testimony was ten. And even that does not truly reflect what little was accomplished, since there were objections and a discussion about the redaction of one of the exhibits, which everyone agreed to, as well as a number of questions that were clearly irrelevant or accomplished nothing more than simply restating what was in the criminal records introduced as exhibits. Consequently, separating the wheat from the chaff and assuming the testimony of [Lange] was relevant at all which was questionable, a half-dozen questions at the most covered the subject area of the closed testimony.

We further note that almost all of the testimony during the time the courtroom was closed was elicited by Addai's trial counsel, which was part of trial counsel's strategy for which he so aggressively fought to permit the witness to even testify at all. Less than one full page of the transcript covers the cross-examination of the witness. This case starkly differs from one in which a petitioner's attorney failed to object to a courtroom closure during the presentation of critical and unfavorable evidence presented by the other side over an extended period of time. Addai has not demonstrated, and our independent review of the testimony has not revealed, any testimony which could be construed as unfavorable to Addai such as to cause him any prejudice. Indeed, it is difficult to imagine how closing the courtroom during the examination of a witness called by Addai regarding evidence Addai sought to admit could have in any way prejudiced him. Accordingly, Addai fails to demonstrate any prejudice as a result of his attorney's consent to the closure of the courtroom and his ineffective assistance of counsel claim fails.

## III

For the foregoing reasons, we affirm.

_____