_____

No. 95-3193SD
_____

Lavern Fast Horse,                  *
                                    *
          Appellant,                *
                                    *   On Appeal from the United
     v.                             *   States District Court
                                    *   for the District of
                                    *   South Dakota.
Joe Class, Warden,                  *
                                    *
          Appellee.                 *

                        _____

              Submitted:  May 14, 1996

                 Filed:  July 8, 1996
                        _____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and VAN
      SICKLE,* District Judge.
                        _____

RICHARD S. ARNOLD, Chief Judge.


      Lavern C. Fast Horse, who is serving a six-year sentence for theft
by deception and embezzlement of property received in trust, appeals the
District Court's[1] denial of his petition for habeas corpus.  We affirm.


      In December 1990, Fast Horse sought employment from Jeff Dale, the
owner of Telescan Satellite and Pro Video.  Dale informed Fast

_____

      *The Hon. Bruce M. Van Sickle, United States District Judge
for the District of North Dakota, sitting by designation.

      [1]The Honorable Lawrence L. Piersol, United States District
Judge for the District of South Dakota.

Horse that although no salaried positions were available, Dale would pay Fast Horse a commission for the sale of certain products. The next day, Fast Horse told Dale that the Oglala Sioux Tribe was interested in purchasing a camcorder. Dale gave Fast Horse permission to take a camcorder to show it to the Tribe.

Two days later, Fast Horse told Dale that Tribal President Harold Salway was trying out the camcorder to see if he wanted to buy it for his personal use. Fast Horse then said that he was going to California for four or five days. After Fast Horse left, Dale asked Salway whether he intended to purchase the camcorder. Salway replied that he had never seen it.

Meanwhile, Fast Horse spoke to Peggy Poppe Basham, a travel agent, about purchasing two one-way tickets to Los Angeles for himself and his girlfriend, Patricia Swallow. Fast Horse said that he worked for Telescan and wanted to charge the tickets to the business. According to Fast Horse, Ms. Basham called Telescan, and Jeff Dale authorized the charge. Dale, however, denies receiving the phone call. Fast Horse then left for California with his girlfriend and the camcorder, which the police seized from his hotel room, along with a satellite-tracking system.

At trial, Fast Horse gave a number of contradictory descriptions of his activities. He first denied, then later admitted, that he had purchased a one-way ticket. Fast Horse said that "the tribe did not want the camera because it [was] too expensive," but then testified that Dale "knew from the beginning" that Fast Horse "wanted to buy the camera for [his son] for Christmas." Fast Horse's son, however, did not accompany his father and the camcorder to California.

The jury convicted Fast Horse of theft by deception, S.D.C.L. § 22-30A-3, and embezzlement of property received in trust, S.D.C.L. § 22-30A-17(1). The South Dakota Supreme Court affirmed.

State v. Fast Horse, 490 N.W.2d 496 (S.D. 1992).  Fast Horse unsuccessfully sought state post-conviction relief.  Fast Horse v. Leapley, 521 N.W.2d 102 (S.D. 1994).  Fast Horse then filed a petition for habeas corpus, which the District Court denied.

On appeal, Fast Horse argues that he did not receive effective assistance of counsel because his lawyer did not call Peggy Poppe Basham as a witness and failed to introduce evidence that Dale had mailed the satellite-tracking system to Fast Horse in California.  In order to prevail, Fast Horse "must show that his counsel's performance fell below professional standards and that his defense was prejudiced by his counsel's ineffectiveness."  Schneider v. Delo, 1996 WL 282416 at *3 (8th Cir. May 30, 1996).  Fast Horse has not met this standard.

We begin with the failure of Fast Horse's lawyer to call Ms. Basham to the witness stand.  During Fast Horse's state post-conviction proceedings, Ms. Basham testified that Dale had authorized her to charge Fast Horse's airplane tickets to Telescan.  Fast Horse asserts that this testimony would have impeached the credibility of Dale, who testified that he had never authorized the charge.  Also, Fast Horse argues, if Dale was willing to allow Fast Horse to charge the tickets, then Dale must not have been worried about the camcorder's whereabouts.

We need not decide whether Fast Horse's counsel was ineffective for failing to have Ms. Basham testify.  When "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, [that] course should be followed."  Strickland v. Washington, 466 U.S. 668, 697 (1984).  A defendant is prejudiced if "there is a reasonable probability [that is, a probability sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the [trial] would have been different."  Id. at 694.  Fast Horse has not shown that his defense was prejudiced.

Fast Horse is correct that Ms. Basham's testimony would have contradicted Jeff Dale's claim that he did not agree to pay for Fast Horse's plane tickets. This would have been powerful testimony in a trial for embezzling plane tickets. But Fast Horse was tried for stealing a camcorder, and there was ample evidence -- which would not have been contradicted by Ms. Basham -- that Fast Horse was guilty. For example, Fast Horse explained that he failed to return the camcorder because he gave it to Harold Salway, but Salway testified that he never saw it. Then, Fast Horse testified that Jeff Dale was aware that Fast Horse was not going to return the camcorder because he wanted to buy it for his son for Christmas. Considering that Fast Horse bought a one-way ticket and took the camcorder, but not his son, to California, Fast Horse had an odd way of giving gifts. As for his trip, Fast Horse testified that he went to California to act in "L.A. Law." If embezzlement were not a serious crime, Fast Horse's wildly contradictory explanations for not returning the camcorder would be comical. But embezzlement is no laughing matter, and the mountain of evidence against Fast Horse convinces us that Ms. Basham's testimony would not have changed the outcome of the trial.

We now turn to Fast Horse's claim that his lawyer should have introduced evidence regarding the origins of the satellite-tracking system which the police seized from Fast Horse's hotel room. According to Fast Horse, Jeff Dale mailed the tracking system to him in California. Fast Horse argues that his lawyer was ineffective because this evidence would have shown that Dale did not regard Fast Horse as a thief. We are not persuaded. Dale claims that Fast Horse stole the satellite-tracking system. In fact, the prosecution tried to introduce evidence of Fast Horse's possession of the tracking system to prove that he had stolen other items from Telescan. Fast Horse's lawyer successfully moved to prohibit the prosecution from presenting this evidence. In light of Fast Horse's demonstrated lack of candor and consistency, we agree with the South Dakota Supreme Court that Fast Horse's lawyer

made a reasonable strategic decision, which we are not free to second guess. See <u>Fast Horse</u>, 521 N.W.2d at 105-06.

For these reasons, the judgment of the District Court is affirmed. We express our thanks to Fast Horse's appointed counsel for his diligent service in this proceeding.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.