**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0884-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALPHONSE ANDERSON,
a/k/a ALPONSE ANDERSON,
ANDERWSON J. ALPHONSE,
ANDERSON ALPHONSE, and
ANDERSON ALPONSE,

     Defendant-Appellant.

_____

Submitted December 13, 2023 – Decided February 12, 2024

Before Judges Currier and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-06-0388.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Saykanic, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Alphonse Anderson appeals from an August 17, 2021 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. The PCR judge rejected defendant's claims he received ineffective assistance from his trial counsel, issuing a fifteen-page written opinion. After carefully reviewing the record in light of the governing legal principles and arguments of the parties, we affirm.

I.

We discern the following pertinent facts and procedural history from the record. In January 2016, police executed a search warrant at a first-floor apartment on Olive Street in Elizabeth. Immediately prior to the search, police saw defendant exit the apartment and detained him. Inside the apartment, police found marijuana, cocaine, pentylone, heroin, drug paraphernalia, and cash.

Police also found cocaine, heroin, drug packaging materials, and more than $3,000 in the top drawer of a dresser in one of the bedrooms. On top of that dresser, police found a paystub, prescription bottle, and hospital records all bearing defendant's name. Keys seized from defendant unlocked the front door of the building and the door to the first-floor apartment. Additionally, two women who resided in the building identified defendant in court and testified he

2

lived in the building. The women said they saw defendant there several times a week.

Defendant and co-defendant Levar Davis[1] were indicted for third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3); and third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(11).

After a jury trial, defendant was convicted of possession and possession with intent to distribute heroin and cocaine but was acquitted of the marijuana-related charges. The trial court granted the State's application for an extended term of imprisonment as a repeat offender pursuant to N.J.S.A. 2C:43-6(f) and sentenced defendant to two concurrent eight-year terms, each with a four-year period of parole ineligibility.

On direct appeal, we affirmed defendant's convictions but remanded for resentencing because the trial court failed to merge the simple possession and possession with intent to distribute charges and improperly imposed an extended term on the simple possession charge. On remand, the drug convictions were

---

[1] Davis is not part of this appeal.

A-0884-21

merged as per our instruction. Defendant was resentenced to a single seven-year prison term with three and one-half years of parole ineligibility.

In October 2020, defendant petitioned for PCR. He raised two theories of ineffective assistance of counsel: first, his trial attorney failed to subpoena a witness, Gordon Kernizan, who, defendant claimed, would have testified defendant did not live in the apartment and the drugs inside did not belong to defendant; and second, his attorney failed to inform him of the mandatory extended term he was facing or the immigration consequences of a conviction, leading defendant to decline a favorable plea agreement offered by the prosecutor.

In August 2021, the same judge who presided over the trial heard oral argument and denied PCR without an evidentiary hearing. The judge rejected defendant's contention he would have accepted the plea agreement had he been given adequate advice from counsel. Applying the rule set forth in State v. Taccetta, 200 N.J. 183 (2009), the judge reasoned defendant's claim that he would have pled guilty could not be reconciled with his continuing claim of innocence. The judge noted the law requires defendants to provide a factual basis for a guilty plea and defendant's ongoing protestations of innocence would prevent a court from accepting a guilty plea.

4

The judge likewise rejected defendant's claim he was not advised of his full penal exposure. The judge pointed to the pretrial memorandum and a pretrial conference transcript showing defendant was advised he was facing a mandatory extended term. The judge noted defendant initialed and signed the pretrial memorandum and gave affirmative responses during the pretrial conference colloquy. Therefore, the judge concluded counsel's performance was not deficient and, even if it was, defendant suffered no prejudice. The judge made similar findings with respect to defendant's contention his counsel did not inform him of the immigration consequences of a conviction.

The PCR judge then focused on the ineffective assistance claim pertaining to trial counsel's investigation. First, the judge found trial counsel identified Kernizan but chose not to subpoena him in the exercise of professional judgment.

Next, the judge reasoned that Kernizan's exculpatory testimony would not have been admissible at trial because it was hearsay. A key portion of Kernizan's expected testimony provided in his PCR certification was that another man, Samba Marcellus,[2] told Kernizan the drugs belonged to him. The judge

---

[2] The judge indicated Marcellus was deported to Haiti. In his certification, Kernizan claims not to know Marcellus's "current whereabouts" but "believe[d]

concluded, "even if [trial counsel] had subpoenaed Mr. Kernizan, he could not have testified to these out-of-court statements, as clearly they would have been offered for the truth of the matter asserted and thus are inadmissible hearsay."

The judge further determined the portion of Kernizan's certification that would be admissible—that defendant did not live in the apartment and only used it to "hang out"—would not have established a reasonable doubt as to defendant's guilt. The judge applied a three-part test derived from State v. L.A., 433 N.J. Super. 1 (App. Div. 2013), to determine whether "an absent witness may establish an ineffective assistance of counsel claim." The three parts of the test are: "(1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution." L.A., 433 N.J. Super. at 16-17 (quoting McCauley-Bey v. Delo, 97 F.3d 1104, 1106 (8th Cir. 1996)).

Applying those factors, the judge first recounted the State's robust evidence of defendant's access to the apartment and noted Kernizan's claim

---

he [wa]s incarcerated in the New Jersey State prison." Nothing in defendant's appeal brief challenges the PCR judge's finding with respect to Marcellus's present whereabouts or otherwise indicates Marcellus is presently in the United States.

defendant used the apartment to "hang out" would have added to that inculpatory evidence. The judge next explained L.A.'s second element was inapplicable in this case because the defense called no witnesses. Regarding the credibility of the uncalled witness compared to the actual witnesses, the judge concluded, "there is nothing in the record to undermine the credibility" of the State's witnesses. The judge added that "none of the elements of the charged offenses required the [S]tate to prove . . . [defendant]'s official residency in the apartment," so Kernizan's expected testimony would have benefitted the State, not the defense.

Accordingly, the judge found defendant's trial counsel's investigation was adequate and any deficiency did not prejudice defendant. In conclusion, the judge stated, "all three . . . of petitioner's ineffective assistance of counsel claims fail both prongs of Strickland[3] on the merits. Thus, after careful consideration, the court finds that there are no material issues of disputed fact that are not resolved by the existing record, and thus an evidentiary hearing is not warranted."

This appeal follows. Defendant raises the following contentions for our consideration:

---

3 Strickland v. Washington, 466 U.S. 668 (1984).

A-0884-21

POINT I

THE COURT BELOW ABUSED ITS DISCRETION IN DENYING THE PETITION FOR POST-CONVICTION RELIEF (PCR) AS DEFENDANT WAS DEPRIVED OF HIS SIXTH AMENDMENT AND NEW JERSEY STATE CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND DUE PROCESS RIGHT TO A FAIR TRIAL DUE TO TRIAL COUNSEL'S FAILURE TO INVESTIGATE THE CASE, INCLUDING LOCATING AND SUBPOENAING WITNESSES; THERE MUST BE AN EVIDENTIARY HEARING AS DEFENDANT PRESENTED A PRIMA FACIE CLAIM OF RELIEF, MATERIAL ISSUES OF DISPUTED FACTS LIE OUTSIDE THE RECORD, AND RESOLUTION OF THE ISSUES NECESSITATES A HEARING UNDER STATE V. PRECIOSE, 129 N.J. 451 (1992); U.S. CONST. AMENDS. VI AND XIV; N.J. CONST. [] ART. 1, [₱] 10.

POINT II

THE COURT BELOW ABUSED ITS DISCRETION IN DENYING THE PETITION FOR POST-CONVICTION RELIEF (PCR) AS DEFENDANT WAS DEPRIVED OF HIS SIXTH AMENDMENT AND NEW JERSEY STATE CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND DUE PROCESS RIGHT DUE TO TRIAL COUNSEL'S FAILURE TO APPRISE DEFENDANT OF HIS PENAL EXPOSURE, INCLUDING ANY IMMIGRATION CONSEQUENCES OF GOING TO TRIAL AND FACING A MANDATORY EXTENDED SENTENCE; THERE MUST BE AN EVIDENTIARY HEARING AS DEFENDANT PRESENTED A PRIMA

FACIE CLAIM OF RELIEF, MATERIAL ISSUES OF DISPUTED FACTS LIE OUTSIDE THE RECORD, AND RESOLUTION OF THE ISSUES NECESSITATES A HEARING UNDER PRECIOSE; U.S. CONST. AMENDS. VI AND XIV; N.J. CONST. [] ART. 1, [¶] 10.

II.

We begin our analysis by acknowledging the governing legal principles. PCR is not a substitute for direct appeal. Rather, it serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. Ibid. To sustain this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

In addressing an ineffective assistance claim, New Jersey courts follow the two-part test articulated by the United States Supreme Court in Strickland, 466 U.S. at 687. See State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." Ibid.

9

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id. at 689.

"Determining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront." State v. Arthur, 184 N.J. 307, 320 (2005). Indeed, determining which witnesses to call is an "art" and a court's review of that decision should be "highly deferential." Id. at 321 (quoting Strickland, 466 U.S. at 693).

The second Strickland prong requires the defendant show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694. This "is an exacting standard." Gideon, 244 N.J. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52.).

A-0884-21

To show prejudice in the context of the decision to reject a plea agreement, the defendant must demonstrate that:

> but for the ineffective advice, there is a reasonable probability the court would have been presented with the plea, that is, "that the defendant would have accepted the plea and the prosecution would not have withdrawn it," "the court would have accepted its terms," and "the conviction or sentence, or both," under the plea "would have been less severe" than the judgment and sentence imposed.
>
> [State v. Alvarez, 473 N.J. Super. 448, 454 (App. Div. 2022) (quoting Lafler v. Cooper, 566 U.S. 156, 164 (2012)), certif. denied, 253 N.J. 379 (2023).]

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462-63. However, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted). Furthermore, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170, (App. Div. 1999). The PCR court should grant an evidentiary hearing only when "(1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact

that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Porter, 216 N.J. 343, 354 (2013)).

With respect to the first of these three requirements, "[a] prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Porter, 216 N.J. at 355 (quoting Rule 3:22-10(b)). "[V]ague, conclusory, or speculative" allegations are insufficient to establish a prima facie case. Ibid. (quoting Marshall, 148 N.J. at 158).

Applying these legal principles to the matter before us, we first address defendant's contention his trial counsel was ineffective because he failed to call witnesses who would have testified the seized drugs did not belong to defendant. The PCR judge's reasoning with respect to Kernizan is entirely correct. The portion of Kernizan's certification based on personal knowledge—his claim defendant did not reside in the apartment that was searched—would not have been helpful to defendant. Indeed, Kernizan acknowledged in his certification that defendant "would use [the] apartment to hang out when [Kernizan was] not

home." Had such testimony been presented at trial, it would only have bolstered the prosecution's theory that defendant had access to and some measure of control over the apartment. That conclusion undercuts defendant's argument under both prongs of the Strickland/Fritz test. First, it demonstrates counsel's decision not to call Kernizan was a reasonable strategic decision. Second, it shows defendant was in no way prejudiced by the failure to call Kernizan as a trial witness.

We turn next to the hearsay portion of Kernizan's statement—his claim Marcellus admitted to owning the drugs. It is well-settled the mere possibility that someone else could have come forward is insufficient to establish a prima facie case. See Porter, 216 N.J. at 355. PCR claims, we reiterate and stress, must not be "speculative" and must be "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (emphasis added) (first quoting Marshall, 148 N.J. at 158; and then quoting Cummings, 321 N.J. Super. at 170). In this instance, defendant presented no certification based upon personal knowledge that someone other than defendant owned the drugs—there is only Kernizan's hearsay statement about what he claims Marcellus said.

Importantly, defendant has presented no certification from Marcellus. Based on the information in the record, moreover, defendant's assumption Marcellus would confess to the crime in open court is not just speculative, but improbable. There is no basis to believe Marcellus would incriminate himself for defendant's benefit. Indeed, according to Kernizan, Marcellus said he "would take full responsibility" but then decided not to. In these circumstances, we conclude the PCR judge acted well within his discretion in denying defendant's petition without an evidentiary hearing based on the failure to present allegedly exculpatory witnesses.

## III.

We turn next to defendant's contention he rejected the State's favorable plea offer because his counsel failed to inform him of the immigration consequences of a conviction or of his exposure to an extended term of imprisonment. We agree with the PCR judge that, applying the principle endorsed by our Supreme Court in Taccetta, defendant's continuing claim of innocence effectively precludes defendant from establishing that but for

14

counsel's alleged ineffectiveness, he would have accepted a plea offer resulting in a lesser sentence than the one imposed after his trial conviction.[4]

In Taccetta, the defendant was acquitted of murder but was convicted of other serious charges. 200 N.J. at 187. He was sentenced to "an aggregate term of life imprisonment plus ten years with a thirty-year parole disqualifier." Ibid. In his PCR petition, the defendant claimed he would have taken a more favorable plea deal, which would have included confessing to a homicide charge, if he had known his full exposure on the non-homicide charges. Id. at 191. However, even at the PCR hearing, the defendant maintained his innocence as to the homicide. Id. at 186.

Our Supreme Court held that in light of the defendant's professed innocence on the homicide charge, there could have been no factual basis for a guilty plea on that offense, so a guilty plea pursuant to the agreement could not have been accepted by a court. Id. at 194. The Court stressed the judiciary's obligation to "minimize the ultimate miscarriage of justice—the conviction of an innocent person." Id. at 196. Because the guilty plea would have constituted

---

[4] The record reflects the rejected offer was for a six-year term with a three-year period of parole ineligibility, although in defendant's PCR certification, he states the plea deal was for "three years." It is unclear whether defendant was referring to the overall sentence or the period of parole ineligibility. In either event, any discrepancy has no bearing on our analysis.

perjury and been invalid, the Court held the defendant was not prejudiced by his failure to accept the plea offer.  Id. at 198.  In Alvarez, we applied Taccetta's reasoning to a defendant who maintained his innocence after a jury convicted him of the disputed conduct.  473 N.J. Super. at 458-62.

But even putting aside the Taccetta rule, defendant has failed to establish he is entitled to an evidentiary hearing or any other PCR relief.  With respect to his claim counsel failed to advise him of the immigration consequences of a conviction, we are at a loss to see how defendant could possibly have suffered any prejudice by exercising his right to go to trial rather than plead guilty.  The record shows that at defendant's arraignment, his trial counsel confirmed he had discussed defendant's immigration status and right to seek legal advice about immigration consequences with defendant.

But even if were we to assume for the sake of argument that counsel's statement to the arraignment court was untrue, the unalterable fact remains that defendant would have been subject to deportation had he taken the plea offer.  Under 8 U.S.C. § 1227(a)(2)(A)(i)(II), any alien who is "convicted of a crime for which a sentence of one year or longer may be imposed, is deportable."  Additionally, under 8 U.S.C. § 1227(a)(2)(B)(i), any alien who has been convicted of any state or federal drug offense, aside from possession of

16

marijuana for personal use, is deportable. Because the prosecutor's plea offer required defendant to plead guilty to a drug offense that carried a sentence in excess of one year, accepting the plea offer would have made defendant deportable to the same extent as a jury trial conviction.

Finally, we also reject defendant's contention he is entitled to an evidentiary hearing because he was inadequately informed about the extended term imposed. As the PCR judge correctly found, that claim is belied by the record. The pretrial memorandum clearly states defendant was subject to a mandatory extended term. Specifically, question two on the pretrial memorandum form asks, "[d]oes the defendant qualify for extended term? If yes, discretionary [or] mandatory." The handwritten answer on the "mandatory" line is "[y]es." Furthermore, question four on the form asks, "[d]oes a mandatory period of parole ineligibility apply?" The handwritten answer on the "other" line is: "mandatory extended term [ten] yrs." Defendant placed his initials at the bottom of each page of the memorandum, including the page where the mandatory extended term information appears. He also signed the memorandum's last page.

In addition to the signed pretrial memorandum, a colloquy at a status conference held on June 5, 2017 shows defendant was fully apprised of the penal

consequences if he declined the State's plea offer and was convicted at trial. The prosecutor had the following exchange with the judge in defendant's presence[5]:

> THE COURT: The maximum sentence, if convicted, is [sixteen] and a half years. The maximum parole ineligibility period is eight years. There is a presumption of imprisonment. And what count does that apply to?
>
> THE PROSECUTOR: Your Honor, that count applies [to] [c]ounts [t]hree and [f]our because this would fall under the Brimage[6] guidelines, so it would be mandatory extended term if the defendants were convicted.

Defendant then had the following exchange with the trial judge:

> THE COURT: [Defendant], you, too, have been offered a six-year period of incarceration with a three-year parole ineligibility period.
>
> DEFENDANT: Yeah.
>
> THE COURT: Do you understand that?
>
> DEFENDANT: Yeah.
>
> THE COURT: Are you rejecting that?
>
> DEFENDANT: Yes.
>
> THE COURT: Do you understand, sir, that I may impose a more severe sentence than recommended by

---

[5] Both defendant and the codefendant appeared at this status conference.

[6] State v. Brimage, 153 N.J. 1 (1998)

the plea offer up into the maximum sentence permitted by law if you're convicted at the trial?

DEFENDANT: Yes.

THE COURT: And do you understand that if you reject the plea offer here today, there can be no negotiation unless specifically approved by the presiding judge?

DEFENDANT: Yes.

THE COURT: Have you had enough time to discuss this with [the trial counsel] before today?

DEFENDANT: Yes.

THE COURT: Has he answered all of your questions?

DEFENDANT: Yes.

THE COURT: In a patient manner[?]

DEFENDANT: Yeah.

THE COURT: Are you satisfied with his legal representation?

DEFENDANT: Yes.

The record thus clearly shows defendant was apprised of the sentence that could be imposed if he rejected the State's plea offer and was convicted at trial. That circumstance effectively precludes any finding of prejudice under the second prong of the Strickland/Fritz test even were we to assume for the sake of argument that defense counsel neglected to advise defendant of his full penal

exposure.  Defendant has thus failed to establish a prima facie case that would entitle him to an evidentiary hearing.  See Cummings, 321 N.J. at 170.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION